## S. E. BIGHAM v. THE STATE.

JUSTICE OF THE PEACE. *Criminal Jurisdiction. Necessity of accusation.*
  Conviction before a justice of the peace of carrying a pistol in the absence of any such charge, is void, and is no bar to a subsequent indictment for carrying a concealed weapon.

APPEAL from the Circuit Court of Union County.
Hon. J. W. C. WATSON, Judge.

At the trial of an indictment for carrying a concealed weapon, to wit, a pistol, on Nov. 4, 1880, the appellant, under his plea of prior conviction and punishment for this offence, offered the following record : —

"S. E. BIGHAM
        *v.*                    " Carrying Concealed Pistol."
" THE STATE, —

This day S. E. Bigham came before me, an acting justice of the peace for the county of Union, and acknowledged that he did on the 4th day of November, 1880, carry a pistol, for which he is fined one dollar and costs of suit, this February 21st, 1881.
                                              " W. A. NISBET, J. P."

The record, with accompanying proof of Nisbet's official character, and evidence that the appellant voluntarily came to him without a charge being made, informed him of the offence and pleaded guilty, was excluded by the Circuit Court, upon the ground that the justice, who had not witnessed the offence, had no jurisdiction to try it until brought regularly before him by affidavit or otherwise.

*Young & Dalton,* for the appellant.

Section 2217, Code 1880, is only directory, and the justice acquires his jurisdiction by virtue of § 2216. While there was no affidavit and warrant made in this case, yet when the defendant appeared before the magistrate, the object of a warrant and arrest was met, and when he pleaded guilty the entire

object of the affidavit and proof was accomplished.  Conviction on a defective or inadequate indictment, followed by judgment and a performance of the sentence is a bar if the proceeding is *bona fide.*  1 Wharton Crim. Law, § 551; *Kohlheimer* v. *State,* 39 Miss. 548.  No authority is in conflict with this position.  Bishop lays down the rule that, if sentence be pronounced upon conviction, the defendant will be protected while the judgment remains unreversed, not because he has ever been in jeopardy, but because of a general and very important principle of the law, that an erroneous final judgment rendered by a tribunal having jurisdiction over the subject-matter is voidable only.  1 Bish. Crim. Law (6th ed.), § 1022.  The magistrate in this case had jurisdiction of the subject-matter, and we submit that under the above rule the defendant was entitled to an acquittal.

*T. C. Catchings,* Attorney General, for the State.

The judgment of the justice of the peace was void, and therefore could not avail as a defence to the defendant.  No charge being made, the magistrate had nothing to try.  He was without jurisdiction.  Appearance and confession were no waiver of this defect.  The legislature has prescribed when and how a justice of the peace may take cognizance of misdemeanors, and the jurisdiction being purely statutory, it can only be upheld where there is a compliance with the requirements of the statute.  Aside from this the justice's judgment is a nullity, inasmuch as it describes no offence known to the law.

CAMPBELL, J., delivered the opinion of the court.

The proceedings in a trial by a justice of the peace of one charged with a misdemeanor are regulated by law, in accordance with art. 1, § 31, of the Constitution.  Code 1880, § 2217.  It is true that persons may be arrested, in certain cases, without a warrant; but without a charge preferred, as required by law, there is no case to be disposed of by the justice of the peace, and nothing to sustain a conviction in such a case as this record presents.

*Judgment affirmed.*