### WASHINGTON SMITHEY v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW AND PROCEDURE. *Justice of the peace. Jurisdiction. Misdemeanors. Circuit court.*

    A justice's of the peace court has jurisdiction, concurrent with the circuit court, of misdemeanors and, in the absence of fraud and collusion, may try a defendant duly charged with and arrested to answer a misdemeanor, although an indictment for the same offense has been found and returned to the circuit court, where defendant has not been arrested to answer it.

2. SAME. *Judgment. Antrefois convict.*

    Where a defendant, duly charged with and arrested for a misdemeanor, was convicted in a justice's of the peace court and sentenced to pay a fine and the costs of the prosecution, the conviction will support a plea of *antrefois convict*, although a fine and imprisonment in the county jail is the penalty prescribed by statute for the offense.

3. SAME. *Erroneous sentence. How corrected.*

    Where a justice's of the peace court upon the conviction of a misdemeanant failed to impose the sentence prescribed by law, an *alias capias* may be issued, if necessary, and upon the defendant being brought before the court the proper sentence should be imposed.

FROM the circuit court of Union county.

HON. WILLIAM A. ROANE, Judge.

Smithey, appellant, was indicted, tried, and convicted in the circuit court, for unlawful cohabitation, and appealed to the supreme court. The opinion of the court states the facts.

*C. Lee Crum,* for appellant.

The several courts of this state acquire jurisdiction of given crimes by virtue of law, and of the person of the offender by having him arrested under a warrant issued from such court, or by the personal appearance of the defendant. In order to finally dispose of any case the court must have jurisdiction of both the

crime charged and the person of the defendant charged there-
with. Therefore, until appellant was arrested by process on the
indictment from the circuit court, it had no jurisdiction of his
person and could not have disposed of the case, and it could have
jurisdiction of him only from the date of his arrest, and not
from the date of the finding of the indictment. It follows that
the justice of the peace first acquired jurisdiction of the person
of appellant by his personal appearance, and plea of guilty and
that the proceedings had before the justice's court is a complete
bar to a prosecution for the same offense in a court of concur-
rent jurisdiction acquiring jurisdiction of his person thereafter.

Code 1906, § 1415, has no reference to the time when a court
acquires jurisdiction of the person of the defendant, but only to
the commencing of prosecution so as to stop the running of the
statute of limitations prescribed by the preceding section.

"The plea of guilty by the defendant and its entry on the rec-
ord, constitutes a conviction, and is a bar to a subsequent pro-
secution for the same offense, even though no judgment was pro-
nounced upon it." 11 Am. & Eng. Ency. of Law (1st ed.) 949.

The failure of the justice of the peace, therefore, to sentence
the defendant below to jail does not deprive him of the defense
of *autre fois convict,* although the statute may say in such cases
"fine and imprisonment."

*George T. Buller,* assistant attorney general, for appellee.

In view of this instruction it is immaterial to inquire whether
or not the appellant had knowledge of the pendency of the pro-
ceedings against him in the circuit court at the time of the entry
of the plea of guilty in the justice court. Under Code 1906, §
1029, the offense charged was a misdemeanor and under Code
1906, § 2749, justices of the peace are given concurrent jurisdic-
tion with the circuit court in this class of crimes, and, of course,
it cannot be doubted that the courts were of concurrent jurisdic-
tion; and the court, as conceded by all, that first acquired juris-
diction had a right to retain it to the final termination of the

case. By Code 1906, § 1418, when indictments are filed the law requires that a warrant for the arrest of the person shall immediately be issued and served on the person indicted, and by Code 1906, § 1415, it is manifest that the commencement of the prosecution was the returning and filing of the indictment, as in the commencement of the action in the circuit court the filing of the declaration and the issuance of the summons; and if it shall be held that the circuit court acquired jurisdiction by the returning of the indictment, then, of course, the instruction was not erroneous. We can hardly believe that the legislature by conferring upon the justice's court jurisdiction of misdemeanors concurrent with the circuit court thereby intended to oust the jurisdiction of the circuit court unless the accused had been arrested, in a proceeding before the justice's court. Upon this point, with these observations, we submit the case for the consideration of the court.

MAYES, J., delivered the opinion of the court.

At the July term, 1906, of the circuit court Washington Smithey was indicted for unlawfully cohabitating with Susan Rossell. The indictment was returned and filed on July 27, 1906. At the January term, 1907, the case came on to be heard, and Smithey pleaded a former conviction of the same offense before a justice of the peace of the proper district. A written agreement is filed with the record, whereby it is agreed "that on the 7th day of August, 1906, and after the indictment had been returned against Smithey, and before his arrest, the defendant was charged on an affidavit before W. J. Robbins, a lawfully elected and qualified justice of the peace of the Fifth district of Union county, Miss., with adultery and unlawful cohabitation with Susan Rossell, alias Brooks; and he was arraigned before said justice of the peace on said charge and pleaded guilty thereto, and the court fined the defendant the sum of $10 and costs, and the defendant there paid said fine and costs, and was discharged, and the said offense was

the same offense as charged in the indictment in this case."
There was no charge of fraud, nor does it appear that defendant
had any knowledge of the fact that the indictment in the circuit
court was pending at the time of the trial in the justice's court.
Code of 1906, § 1029, in providing a penalty for unlawful co-
habitation, provides that, where a party is convicted, he shall
be punished by a fine "in any sum not more than five hundred
dollars each, and imprisoned in the county jail not more than
six months," etc. From this it is manifest that the judgment
of the justice of the peace was not such judgment as the law re-
quired, since he only imposed a fine, while the statute required
that he fine and imprison.

On the trial the court gave the following instruction for the
state, viz.: "The court instructs the jury, for the state, that al-
though the jury may be satisfied from the evidence that Wash-
ington Smithey was arraigned before W. J. Robbins, a justice
of the peace, on the identical charge upon which he is now being
tried and was convicted, yet the jury have no right to consider
that fact in connection with this case, if the jury believe from
the evidence beyond all reasonable doubt that the indictment in
this case was returned to the court by the grand jury and filed by
the circuit clerk before the affidavit was filed in the court of
said W. J. Robbins." This instruction was fatal error. The
crime was one over which the justice of the peace had jurisdic-
tion concurrent with the circuit court. Until arrest under the
indictment, in the absence of proof or charge of fraud, the juris-
diction had not attached in the circuit court, so as to exclude the
jurisdiction of the justice of the peace. Whenever there is an
indictment and arrest, in either court, jurisdiction is then ex-
clusive; but until then, in the absence of any allegation and
proof of fraud or collusion, either court may proceed, and a
conviction can be subsequently pleaded in bar of a second pros-
ecution, though the indictment was returned in the circuit court
before proceedings were instituted in the justice's court. 17
Am. & Eng. Ency. (2d ed.) 573.

The case of *State v. Tisdale,* 19 N. C. 159, is a case directly in point. In that case it is shown that the superior court and the county court had concurrent jurisdiction on a charge of as-sault and battery. At the spring term of the superior court, in 1836, Tisdale was indicted for an assault and battery, but there was no arrest under the indictmnet. In August succeeding the indictment Tisdale was tried in the county court and there con-victed of the same offense for which he was under indictment in the superior court, and when in September following he was placed on trial under the first indictment in the superior court he pleaded a former conviction in the county court. It was con-tended in that case, as in this, that by the finding of the indict-ment merely jurisdiction attached in the superior court, to the exclusion of all other courts, and it was further contended that it was a fraud in law for the county court to entertain jurisdiction of the offense while an indictment was pending in the superior court; but the court said: "If there can be a fraud, in a legal sense, in prosecuting and convicting an offender in a court on which the jurisdiction is conferred by law, as a competent and fit tribunal to try and punish criminals, it is clearly not to be presumed, without an averment of it in the record, upon the single fact that a bill had been previously found for the same matter in another court. In the particular case before us the defendant had no day in the superior court; he having neither been arraigned, nor even arrested, on the bill in that court. Until he had a day in court on that indictment, he was not *vexatus* thereby, and stood in relation thereto on the same foot-ing as if he had been put without day by a *nolle prosequi* thereon, in which last case it is laid down in *McNeill's case* that he would be amenable on another indictment in any court having jurisdiction of the offense." To the same effect is the case of *State v. Williford,* 91 N. C. 529.

No bad faith is shown in either the pleadings or the proof, and, if there had been, the instruction given for the state elimi-nates consideration of this from the jury. The instruction denies

the defendant the right to plead former conviction, if the jury merely believe from the evidence that the indictment was found in the circuit court prior to the proceedings instituted in the justice's court, without reference to whether or not there had been any arrest of defendant under the indictment first returned, without reference to whether he had knowledge of the indictment and was colluding to defeat adequate punishment, and without reference to the good faith of the proceedings in the justice's court.

It is further shown in the record that the justice of the peace, after convicting defendant of the crime charged in the indictment, only entered a fine of $10 and costs against him; and it is claimed that, although the defendant was convicted, the sentence was void, and the conviction could not, therefore, be pleaded in bar of another prosecution for the same offense. Under Code 1906, § 1029, the penalty provided for a person convicted of unlawful cohabitation is a fine of not more than $500 and imprisonment in the county jail not more than six months, etc. It is not charged or proved that the justice of the peace colluded with the defendant for the purpose of defeating punishment under this conviction, nor does it appear in any way that the justice of the peace designed to enable the defendant to escape proper punishment; but the wrong sentence is a mere error on the part of the justice of the peace. This being the case, and the affidavit on which defendant was convicted being a valid charge, we do not think that the fact that the justice of the peace before whom the party was convicted did not perform his duty under the law, furnishes any reason why the defendant should be barred from pleading the former conviction. It was by no fraud on the part of the defendant, or collusion, or fault; but the error was purely that of the presiding justice in failing to perform his duty as required by the statute. It is not a question of proper sentence which enables a party to plead a former conviction, but it is the fact that there has been a conviction of the same offense, and if there has been a conviction of the same offense by a court of com-

petent jurisdiction the former conviction may be pleaded. Where a defendant in good faith submits himself for trial before a court of competent jurisdiction, and is convicted, he stands in no default under the law, and if the court itself makes a mistake, and enters up a judgment which it had no right to do, the dereliction is that of the court, and not the defendant.

The justice of the peace, not having imposed the sentence required by law, may and should issue an *alias capias* for defendant and impose a proper sentence.

*Reversed and remanded.*

