WILL RODGERS v. STATE.

[58 South. 536.]

1. CRIMINAL LAW. *Courts. Jurisdiction.*

Where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction, acquires exclusive jurisdiction and if a proceeding is instituted in another court about the same subject-matter after one of the courts of concurrent jurisdiction has acquired control, the suit should be dismissed in the last court to acquire jurisdiction.

2. SAME.

When one court of concurrent jurisdiction, has acquired jurisdiction, and voluntarily relinquishes it by *nolle pros* or dismissal of the case, the other court can proceed with the case.

3. SAME.

Where a criminal prosecution was pending in a justice court when an indictment for the same offense was returned in the circuit court, and the proceeding in the justice court was then dismissed, it was proper to proceed under the indictment in the circuit court.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Will Rodgers was convicted in the circuit court and appeals.

The facts are fully stated in the opinion of the court.

*J. R. Tally,* for appellant.

We submit that the state had the right to elect in the outset into which forum it would go with the prosecution of this misdemeanor, and that it exercised that right and began the prosecution in the justice court, the justice court and the circuit court both having concurrent jurisdiction, and having elected to go into the justice court, the defendant then had a right to demand that he be either convicted or acquitted in that court; and

that after the state had brought him to trial there, the state had no right to play with the jurisdiction of that court as merely using it as a post to hitch the defendant to until it got ready to try him in the circuit court; and that the state cannot be permitted to play his game of hide and seek as to jurisdiction at its pleasure regardless of the rights of defendant. We submit that inasmuch as the state elected to begin this prosecution in the justice court it had no right through the same officers to go into the circuit court and institute another prosecution for the same offense, and then simply kick the defendant out of the justice court where he had a right to contend for his rights and bring him over to the other court because the state, as a matter of convenience, or for some other reason, decided to go into that court. We submit that if the state can use the justice court jurisdiction merely as a hole to drive the citizens into until they can get ready to march them over to some other court, it turns loose upon the people an arm of oppression that the law never contemplated.

And we submit that this court held in the case of *Neely* v. *State*, 56 South. 377, that when one court with concurrent jurisdiction with another has acquired jurisdiction that it is the duty of the second court acquiring jurisdiction to discontinue and let the court having the first jurisdiction try the case; and we think that the language of the court in that case condemns the proceedings followed in this case, and that for that error alone this case ought to be reversed and remanded as the circuit court did not acquire jurisdiction by the procedure here discussed.

This court in the case of *Smith* v. *State*, 86 Miss. 316, the court said: "The justice of the peace in this case on November 7, 1903, bound Smith over to appear before the circuit court to await the action of the grand jury on the charge of conspiring to rob. He had no power to do this and the bond is void. Code 1892, Secs. 2420 and 2421 (which sections are brought forward in the

Code of 1906) provide that justices of the peace have final jurisdiction of misdemeanors and must try and dispose of them according to law. The justice of the peace should have tried Smith and acquitted him or convicted him." And we submit that this is the law when a justice of the peace having once acquired jurisdiction of a misdemeanor is bound under the law to convict him or acquit the defendant upon the merits of said cause, that the county or the district attorney has no right to play the game that was played in this case. We are willing to concede the state a great many rights, but the state has no right to simply run over the rights of individuals guaranteed by law simply for the amusement of the great state and the large officers who may happen to be appointed or elected to represent it among the people.

*Claude Clayton,* assistant attorney-general, for appellee.

From a careful reading of the decisions of this court the first enunciation upon this principle of law is found in the case of *Smithey* v. *State,* 93 Miss. 257. But, it will be observed that in that case there had been by the justice court an actual conviction of the party, and that he had actually paid his fine at a time when an affidavit had been returned against him by the circuit court of Union county, Mississippi. And this ꞌcase is to be distinguished from the case of Smithey, *supra,* which will be observed from a reading of the record in the case at bar, and the report of the Smithey case. Therefore, if they are dissimilar and involve different principles of law, no application can follow.

In the case of *Neely* v. *State,* the same being a recent case of this court, the Smithey case was followed. But it will be observed that that case also is not in point.

I concede every right given to appellant by the fundamental principles of our law, and also the statutory

enactment therein; yet, at the same time, it is impossible for me to conceive why a dismissal of this case, by a justice of the peace, could be availed of by the appellant to shield himself from bearing the just penalties of the violation of the laws of this state.

As to whether or not appellant sold the intoxicating liquors in question, that is a question of fact and was properly submitted to the jury. They have decided it in the affirmative. No right was denied him and the giving up of the right to jurisdiction in the matter by the justice court, did not in the least prohibit the exercise of the jurisdiction of the circuit court to pass upon this question.

Learned counsel in his argument refers to the fact that the county attorney was endeavoring to swap horses, or confer jurisdiction from the justice court to the circuit court. I do not know what his reasons for acting in this manner were, but I can imagine a number of reasons why he pursued this course. As a matter of fact, the ordinary justice of the peace is not learned in the law, and the rights of the state, as well as those of a defendant can be best conserved by a trial before a circuit judge, who must of necessity be a lawyer, and thereby better enabled to apply the law to the merits of the controversy.

MAYES, C. J., delivered the opinion of the court.

The main facts relied on by appellant for reversal in this case are about as follows: It appears that an affidavit was made before E. J. Wall, a justice of the peace in Forrest county, charging appellant with the unlawful sale of intoxicating liquors. The affidavit was lodged with the justice of the peace prior to the convening of the November, 1911, term of the circuit court of Forrest county. After the affidavit was made and filed with the justice of the peace, a warrant for the arrest of appellant was issued, and appellant was arrested and

placed under bond for his appearance on the 9th day of November, 1911, to answer the charge made in the affidavit. It appears that the circuit court convened on the 6th day of November, 1911, and between the 6th and 9th the grand jury returned an indictment against appellant charging him with the same offense charged in the affidavit then on file in the justice of the peace court. On the 9th day of November, the day set for the trial of appellant in the justice court, appellant appeared for trial, and the county attorney representing the state, with the consent of the court, dismissed the prosecution in the justice court. Appellant protested against this proceeding, but without success. After the dismissal of the case in the justice court, the case was called on the indictment in the circuit court, and appellant filed a plea to the jurisdiction of the court on the ground that the circuit court acquired no jurisdiction under the indictment. We need not follow the course the pleadings took; suffice it to say that it is the contention of appellant that, because an affidavit had been made in the justice court, a court of concurrent jurisdiction with the circuit court, the circuit court could not thereafter acquire any jurisdiction to proceed with this indictment for the same offense, and that the action of the county attorney was a fraud on the jurisdiction of the justice court.

In the case of *Smithey* v. *State,* 93 Miss. 257, 46 South. 410, and in *Neely* v. *State,* 56 South. 377, we held that, where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction acquires exclusive jurisdiction, and that if a proceeding is instituted in another court about the same subject-matter after one of the courts of concurrent jurisdiction has acquired control, the suit should be dismissed in the last court to acquire jurisdiction. The above statement of the rule is undoubtedly the correct law, but those cases have no application to this case. The reason of the rule is to prevent confusion and conflicts in jurisdiction and to pre-

vent a person from being twice tried for the same offense, but no defendant has a vested right to be tried in any particular court of concurrent jurisdiction. When one court of concurrent jurisdiction has acquired jurisdiction and voluntarily relinquishes it by a *nolle pros.* or dismissal of the case, there can be no legal or logical reason for preventing the other court from proceeding. Under such circumstances, there can be no confusion or conflict between the courts for the reason that only one court then has jurisdiction, or is trying to exercise it.

At the date that this plea in abatement was filed, no other court had jurisdiction of the offense and there was therefore no impediment in the way to his trial under the indictment. It can make no difference to this appellant from what motives the justice of the peace may have acted in dismissing this suit. The justice of the peace undoubtedly had a right to dismiss it, and having done so, the appellant has no cause to complain because there is another court of concurrent juisdiction and equally as well capacitated to try the case as the justice of the peace. The appellant can only be interested in having but one prosecution before a fair and impartial tribunal in whatever court he is arraigned for trial on the charge. The state is only interested in seeing to it that prosecutions for infraction of the law be conducted in at least one of the courts.

Counsel proceeds upon the idea that the indictment does not confer any jurisdiction on the circuit court because an affidavit had formerly been made in the justice of the peace court. This is an erroneous conception of the law. The circuit court has jurisdiction of the subject-matter, and the indictment is a valid indictment conferring jurisdiction on the court to try the offender for the offense charged, subject to his right, if the fact existed, to defeat the jurisdiction of the circuit court by showing that he was being prosecuted at the time in

another court of concurrent jurisdiction for the same offense. But the pleadings show that this was not a fact.

*Affirmed.*

*Suggestion of error filed and overruled.*

