HAMPTON *v.* STATE.*

(Division B.   Nov. 10, 1924.)

[103 So. 10.   No. 24152.]

1. CRIMINAL LAW. *Justices have jurisdiction of misdemeanors concurrent with circuit court; court first acquiring jurisdiction has exclusive jurisdiction.*

A justice of the peace court has jurisdiction, concurrent with the circuit court, of misdemeanors, and, where concurrent jurisdiction is vested in·two courts, the court first acquiring jurisdiction acquires exclusive jurisdiction.

2. CRIMINAL LAW. *State cannot introduce evidence of sale of which another court of concurrent jurisdiction has exclusive jurisdiction.*

In a prosecution for the unlawful sale of intoxicating liquors, the state cannot, by virtue of the provisions of section 1762, Code 1906 (section 2098, Hemingway's Code), introduce evidence of a sale of which another court of concurrent jurisdiction then has exclusive jurisdiction.

*Headnotes 1.   Criminal Law, 16 C. J., Sections 166, 184;  2.   Criminal Law, 16 C. J., Section 166.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.

(196)

Everlina Hampton was convicted of the unlawful sale of intoxicating liquors, and she appeals. Reversed and remanded.

*Kimbrough, Tyson & Kimbrough,* for appellant.

Ordinarily under section 2098, Hemingway's Code, the state has a right to offer evidence of any number of sales, occurring within two years prior to the date of the indictment. This court has held, however, that the state must take the benefits of this statute, subject to its burdens. *Wadley* v. *State,* 96 Miss. 77. The state is not allowed to prove more than one sale and then elect which sale it will ask a conviction on. The election must be made before the testimony is introduced. *King* v. *State,* 99 Miss. 23, 54 So. 657.

No greater injustice could conceivably be done a defendant than has been done the appellant in this case. An affidavit was filed against her in the court of the justice of the peace on July 31, 1923. She gave bond for her appearance and since that time has never been able to have that cause disposed of. Thereafter, in November, she was indicted for the same and identical offense, and gave bond for her appearance in the circuit court. She was, also, indicted at the same November term on another charge of unlawful retailing, and gave bond for her appearance to answer the judgment of the court in that case. Neither the affidavit nor either of said indictments was tried against her. Later, in January, 1924, she was indicted for still another offense. This last indictment was called for trial and on the trial of it, evidence of all of the other alleged offenses was presented to the jury, with the statement by the district attorney that he had *nolle prossed* all of the cases, except the last indictment, but that the jury had a right to consider all the evidence in determining whether or not the appellant was guilty of unlawful retailing at any time for two years prior to the date of the last indictment. No more

monstrous injustice could be done a defendant in a criminal cause.

The district attorney found himself confronted with an affidavit in one of the cases, where an indictment had been found, No. 15,743. We believe, under the holding of this court, that affidavit could have been dismissed, subsequent to the finding of said indictment, but this was not done. The affidavit was allowed by the district attorney and the county attorney to rest in the court of the justice of the peace, who had original and exclusive jurisdiction, and an attempt to cure this fault by offering the testimony under the indictment, and then *nolle prossing* the indictment, leaving the affidavit still pending in the justice of the peace court, was made.

A careful examination of a few decisions of this court will show exactly, we think, what the law is on this point. See *Coleman* v. *State,* 83 Miss., 291; *State* v. *Hughes,* 96 Miss. 581, 51 So. 464. Both the foregoing cases were felonies. The case at bar is a misdemeanor. The only jurisdiction a justice of the peace has in a felony case is to bind, or recognize the defendant to await the action of the grand jury. In misdemeanors, the justice court has "full jurisdiction to finally dispose of the charge." Another slant on the policy of our law is shown by *Smithey* v. *State,* 93 Miss. 257. See, too, *Neely* v. *State,* 56 So. 377; *Rodgers* v. *State,* 58 So. 536.

It is easy to differentiate between the *Rodgers case, supra,* and the case at bar, and in doing so, the Rodgers case is conclusive in behalf of our contention. In that case, the county attorney appeared in the justice court and procured the dismissal of the affidavit. In the case at bar, no such action was taken on behalf of the state. Instead of appearing and dismissing the affidavit as it, under the *Rodgers case, supra,* had a right to do, the state, through the district attorney proceeded to trial on the indictment, left the affidavit pending and undisposed of, left this appellant with the charge there pending against her for every hour of every day for two years

prior to said affidavit, proceeded to trial on another indictment, but offered the evidence under the indictment which was for the identical offense laid in the affidavit and at the conclusion of all of the testimony, which the court allowed to go to the jury, *nolle prossed* the indictment, but took no action as to the affidavit.

*F. S. Harmon,* Assistant Attorney-General, for the state.

Briefly stated, appellant's contention seems to be that her rights were prejudiced because this case was allowed to go to trial while indictments and an affidavit all anterior to this in time, and charging offenses of an earlier date, remained undisposed of. A moment's study of the situation will convince this court that there is no merit in appellant's contention. It is true that the state introduced evidence with regard to offenses prior in time to that laid in this particular indictment, and that this testimony dealt specifically with the offenses for which the former indictments and affidavit, remaining undisposed of, were had. But appellant was tried under this particular indictment, No. 15,786; appellant was convicted under this particular indictment, and this appeal is prosecuted under this particular indictment, and once this fact is remembered and section 2098 of the Code is read with care, the fallacy of appellant's contention becomes apparent. Let it be said without further delay that not a word was testified to regarding offenses anterior to April 17, 1923, the date of the charge under which appellant was acquitted.

It is strenuously objected that the circuit court had no jurisdiction at all because an affidavit remained undisposed of and pending in the justice of peace court, alleging the sale of liquor in July, 1923. Counsel insists that the justice of peace court had full and exclusive jurisdiction, and therefore, all the proceedings in this case in the circuit court were irregular. Such contention is

without merit. Appellant was not here tried for selling liquor in July, 1923. She was tried and convicted under an indictment charging the illegal sale of liquor on January 21, 1924. Counsel consistently loses sight of this salient fact. True enough, evidence was introduced regarding the offense charged in the affidavit committed in July, 1923, but it is a very different thing to testify as to a former offense and to be tried thereunder. The circuit court trying this cause was the only court having any jurisdiction whatever over same. The alleged sale took place nine months after the affidavit was filed in the justice court for the other offense. Since, therefore, the circuit court did have jurisdiction and could try appellant for this offense committed in January, 1924, and since Code section 2098 allows testimony as to previous sales to be given in evidence, there was no error in allowing witnesses to testify about sales made in July. Counsel bemoans the fact that should this woman be brought to trial under the affidavit in the justice court, she might not have the same counsel and due to her ignorance might not avail herself of the defense given her by the statute. But the defense is hers just the same, and no substantial right whatever which is vouchsafed to her under our laws was here violated.

A complete answer to practically all of appellant's contentions is found in *Rodgers* v. *State,* 58 So. (Miss.) 536.

The circuit court in the case at bar had jurisdiction and was the only court in which any charge had been made against appellant for this particular offense. As said in the Rodgers case: "The circuit court has jurisdiction of the subject-matter, and the indictment is a valid indictment conferring jurisdiction on the court to try the offender . . ." Counsel continuously loses sight of the all-important fact that this indictment and conviction was for the specific offense committed in January, 1924. There is much difference between the introduction of evidence relative to prior offenses, which right is conferred by statute on the state, and the actual con-

·flict of jurisdiction. There was no such conflict here, and appellant's position is entirely untenable.

COOK, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Leflore county for the sale of intoxicating liquors, and from this conviction she prosecuted this appeal.

There is but one question necessary to be considered in disposing of this case, and for a proper understanding of this question and the appellant's contention in reference thereto it will be necessary to set forth in detail certain proceedings in the lower court out of which the question arises.

On July 31, 1923, an affidavit was filed in a justice of the peace court of said county charging the appellant with a sale of liquor, and upon this charge she was arrested and entered into bond for her appearance in that court to answer the charge. This affidavit has not been disposed of; and was pending in the justice court at the time of the trial in the circuit court of the case at bar.

At the November, 1923, term of the circuit court two indictments were returned against the appellant charging her with the unlawful sale of intoxicating liquors, these indictments being numbered 15742 and 15743, and it is admitted that indictment No. 15743 covered the same alleged offense as that charged in the affidavit of July 31, 1923, and which was still pending in the justice court.

At the January, 1924, term of the circuit court another indictment, No. 15786, was returned against the appellant charging her with another sale of liquor in January, 1924, and upon this indictment she was placed on trial, and was convicted.

On the trial of this case the state first offered testimony to prove a sale of intoxicating liquor by the appellant in January, 1924. In addition to this testimony the state was permitted, over the objection of the appellant, to introduce testimony to prove a sale by her in November,

1923, and also a sale in July, 1923, it being admitted in the record that the alleged sale in July was the identical offense charged in indictment No. 15743, and also in the affidavit which was still pending in the justice court.

On appeal the contention of appellant is that the circuit court was without jurisdiction to try cause No. 15743, the case in which appellant stood indicted for the identical offense for which she was under bond for her appearance to stand trial on an affidavit then pending and undisposed of in the justice of the peace court, and, since the circuit court was without jurisdiction of this offense, testimony to prove the same was inadmissible on the trial of an indictment based upon another and different offense.

The first question 'for consideration is whether the circuit court had jurisdiction of the offense covered by indictment No. 15743, while an affidavit covering the identical offense, and filed before the finding of this indictment, was pending and undisposed of in the justice court. A justice of the peace court has jurisdiction, concurrent with the circuit court, of misdemeanors, and it is settled by the decisions of this court that, where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction acquires exclusive jurisdiction. *Smithey* v. *State,* 93 Miss. 257, 46 So. 410; *Neely* v. *State,* 100 Miss. 211, 56 So. 377; *Rodgers* v. *State,* 101 Miss. 847, 58 So. 536.

In the *Rogers case, supra,* it was held that, when one court of concurrent jurisdiction has acquired jurisdiction and voluntarily relinquishes it by a *nolle pros.* or dismissal of the case, there can be no legal or logical reason for preventing the other court from proceeding, but this doctrine has no application in the present case, since it is admitted that the justice court first acquired jurisdiction and that the case was still pending in the justice court at the time of the trial of this case in the circuit court. It necessarily follows that the circuit court had no jurisdiction to try the appellant on the charge

covered by indictment No. 15743, and that the justice
court then had exclusive jurisdiction of that offense.

In a prosecution for the unlawful sale of intoxicating
liquor, may the state, by virtue of the provisions of sec-
tion 1762, Code 1906 (section 2098, Hemingway's Code),
introduce evidence of a sale of which the court in which
the prosecution is pending has no jurisdiction?

Section 1762, Code 1906 (section 2098, Hemingway's
Code) provides:

"On the trial of all prosecutions for the violation of
law by the sale or giving away of liquors, bitters, or
drinks, the state shall not be confined to the proof of a
single violation, but may give evidence in any one or more
offenses of the same character committed anterior to the
day laid in the indictment or in the affidavit, and not
barred by the statute of limitations; but in such case,
after conviction or acquittal on the merits, the accused
shall not again be liable to prosecution for any offense of
the same character committed anterior to the day laid
in the indictment or in the affidavit."

It is manifest that the circuit court had no jurisdiction
to try the appellant on indictment No. 15743, and, if it
had attempted to do so, its jurisdiction would have been
defeated by showing, as was done in the present case,
that she was being prosecuted at the time in another
court of concurrent jurisdiction for the same offense.
This being true, may the court do by indirection what
it cannot do directly? The purpose of introducing the
evidence of the sale covered by indictment No. 15743 was
to strengthen the state's cause and render more certain
a conviction upon the indictment being tried, and, where
evidence of more than one offense is offered, a convic-
tion may rest upon the evidence of all or any one of
such offenses. It cannot be known that the conviction in
the present case does not rest entirely or in part on
the evidence of a sale of which another court had sole
and exclusive jurisdiction, and, if so, it is in effect a con-
viction of an offense of which the court had no jurisdic-

tion. When one court has acquired full and exclusive jurisdiction of an offense, this jurisdiction should not be defeated by the simple expedient of introducing in another court of concurrent jurisdiction evidence of the offense, and we do not think the statute authorizing the introduction of evidence of more than one offense in prosecutions for violations of liquor laws can be construed to confer the right or power so to do. We are clearly of the opinion that it was not the intention of this statute to authorize a conviction based upon or supported by evidence of an offense of which the court had no jurisdiction, and that it was error to admit in this case evidence of the sale in July, 1923.

The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*