HANEY v. STATE.*

(Division B. April 11, 1927.)

[112 So. 19. No. 26249.]

CRIMINAL LAW. *Circuit court had jurisdiction in prosecution for selling liquor, where affidavit for same offense in justice court had been dismissed.*

Where affidavit before justice of the peace charging sale of intoxicating liquor had been dismissed long before finding of indictment and trial for same offense in the circuit court, the circuit court had jurisdiction since; although both courts have concurrent jurisdiction over such offense, the sole jurisdiction was in the circuit court, where there was no charge of same offense pending in justice of the peace court at time of conviction.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 159, n. 79.

APPEAL from circuit court of Pontotoc county.
HON. C. P. LONG, Judge.

Ray Haney was convicted of selling intoxicating liquor, and he appeals. Affirmed.

*Bratton & Mitchell,* for appellant.

This case comes fairly under the rule announced in *Chandler* v. *State,* 106 So. 267. There can be no question but that the cause was dismissed on June 12, 1925, and that this date was not on a regular court day. The defendant was not present when the cause was dismissed. While it is true that the justice of the peace says he thinks he told the defendant he was going to dismiss and that the defendant agreed, yet we submit that this conversation was on the streets of the town of Pontotoc, not in the court room, and on a date not set for holding court.

*James W. Cassedy, Jr.,* Special Agent, for the state.

Counsel for appellant correctly contends that this case comes under the rule announced in *Chandler* v. *State* 140 Miss. 524, 106 So. 267. We submit further that this case also comes under the rule announced in *Rodgers* v. *State,* 58 So. 536.

In the case at bar, the trial court was the only court which was trying to exercise any jurisdiction over this appellant, and we submit at this point that this appellant has no vested right to be tried in any particular court of concurrent jurisdiction for the reason that the charge as made by the affidavit against this appellant had been dismissed with the consent of the appellant approximately a year before he was tried on the indictment.

It is shown by the testimony of the justice of the peace that this charge in the affidavit was dismissed at a regular court day and that the court voluntarily relinquished jurisdiction of the case and that this appellant either actually consented to this dismissal or he passively acquiesced in its dismissal by remaining silent until he is brought to trial on this indictment.

Holden, P. J., delivered the opinion of the court.

Ray Haney appeals from a conviction on a charge of selling intoxicating liquor.

The reversal of the lower court is urged upon the ground that the circuit court had no jurisdiction to try the charge because the appellant had been previously charged with the same offense before a justice of the peace, and the case before the justice of the peace had been irregularly dismissed without the consent of the appellant. The cases of *Chandler* v. *State,* 140 Miss. 524, 106 So. 267, and *Rodgers* v. *State,* 101 Miss. 847, 58 So. 536, are cited to support the contention of appellant.

The case at bar is somewhat different from the *Chandler* and *Rodgers cases, supra,* as we understand the record, but is similar in some respects.

The affidavit made against the appellant here before the justice of the peace was dismissed several months before the indictment in the instant case was returned, and it is shown that the appellant knew of and consented to the dismissal of the justice of the peace case.

And, conceding for the purpose of discussion that the charge in the indictment is the same offense charged in the affidavit before the justice of the peace, still, we think the circuit court had jurisdiction to try the charge in the indictment, because the affidavit before the justice of the peace was dismissed long prior to the finding of the indictment and trial herein, and therefore the justice of the peace had relinguished jurisdiction of the offense before the trial was had on the indictment.

It is true, the circuit court and justice of the peace courts have concurrent jurisdiction over the offense charged, but the sole jurisdiction was in the circuit court in the case before us because there was no charge of the same offense pending in the justice of the peace court at the time of the conviction in the case at bar.

The judgment of the lower court is affirmed.

*Affirmed.*