## MILLING v. STATE.

(Division B. March 4, 1940. Suggestion of Error Overruled April 29, 1940.)

[194 So. 291. No. 33992.]

**D. A. McLeod,** of Mount Olive, and **R. L. Calhoun,** of Collins, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for the state.

**McGehee, J.,** delivered the opinion of the court.

It appears that an affidavit was made on the 24th day of October, 1938, before A. A. Runnels, a justice of the peace in Simpson County, charging the appellant with the unlawful possession of intoxicating liquors. Thereupon a warrant for his arrest was issued and served, and the appellant was placed under bond for his appearance to answer the charge made against him in the said affidavit. The case was continued for one reason or another at two or three terms of the justice of the peace court, and while the same was still pending there was a special term of the circuit court convened and held beginning on the first Monday of December, 1938, when an indictment

as returned charging the appellant with the same offense with which he was charged in the affidavit. The justice of the peace, on a day other than a regular term of his court, undertook to dismiss the charge pending therein. Thereafter upon motion of the appellant, the circuit court quashed the indictment on the ground that the case had not been legally dismissed in the justice of the peace court, and that the jurisdiction acquired first of the case still prevailed. At the next regular term of the justice of the peace court, which was held on the 14th day of January, 1939, the sheriff and chief prosecuting witness appeared and requested that the case be dismissed without prejudice after the appellant had been called and failed to appear. A judgment of dismissal was accordingly entered. At the March, 1939, Term of the circuit court, the appellant was again indicted for the same offense and he again moved to quash the indictment on the ground that the prosecution in the justice of the peace court had been dismissed without his knowledge or consent and was therefore still pending so as to deprive the circuit court of jurisdiction of the case. This motion was overruled and appellant was tried and convicted under this second indictment. From that conviction he has taken this appeal.

Under conflicting evidence in that behalf we are of the opinion that the circuit court was justified in holding that the case was subject to trial on the 14th day of January, 1939, when the same was dismissed in the justice of the peace court. In other words, it was not dismissed in advance of a definite date set for the trial as was done in the case of Chandler v. State, 140 Miss. 524, 106 So. 265. Under the authority of the case of Rodgers v. State, 101 Miss. 847, 58 So. 536, the justice of the peace had a right to dismiss the case and having done so the appellant had no cause to complain, nor did he complain so far as the record discloses until he had again been indicted in the circuit court. As was said in the Rodgers case, supra, the reason of the rule which renders it prop-

er where concurrent jurisdiction is vested in two courts that the court first acquiring jurisdiction proceed with the trial and disposition of the case is to prevent confusion and conflicts in jurisdiction and to prevent a person from being twice tried for the same offense, but no defendant has the vested right to be tried in any particular court of concurrent jurisdiction. The decision of the case at bar is controlled by the principles announced in that case.

It is next urged that the appellant is entitled to a reversal because the conviction is contrary to the overwhelming weight of the evidence. The sheriff had received information that the appellant would appear at "Vardaman Smith's Place" carrying intoxicating liquors on a certain night, in an automobile bearing an Arkansas license tag of a specified number, and he testified that he went to this place and waited until the appellant arrived, saw him unload the liquor and followed the same car to the appellant's home. He was corroborated in this testimony by a deputy. On the other hand, appellant offered a number of witnesses to establish an alibi. The issue was properly submitted to the jury under correct instructions on this conflicting testimony, and we are not warranted in disturbing the verdict of conviction.

Affirmed.