SMITH *v*. STATE.

(In Banc.   Dec. 10, 1945.)

[24 So. (2d) 85.   No. 35954.]

A. M. Warwick, of Carthage, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant had bought a cow from a Mr. Martin, which, under the terms of the trade, was to be delivered by the seller at the home of the appellant. The Martin brothers, in performance of this term of the transaction, had loaded the cow in the truck of one of them and were proceeding to deliver it when it appeared they were, or about to run, out of gasoline. Appellant was a passenger in the truck. They stopped at a certain crossroad and proceeded to make an examination. While several were standing around, one of the persons saw a bottle of whiskey in the pocket of appellant. Shortly thereafter appellant removed the bottle of whiskey from his pocket and hid it under his coat as he saw another car approaching where he was standing with these several people. Almost immediately he walked across to the truck, opened the cab door, and put the whiskey on the floor of the cab. When the approaching car stopped, a deputy sheriff, accompanied by a member of the highway patrol, was in it. The deputy had a warrant for the arrest of appellant on a charge of drunken driving the night before. There is conflict between the deputy sheriff and the highway patrolman as to whether or not he arrested appellant ''be-

fore searching the truck. It is unimportant here, we think.

Neither the deputy nor the highway patrolman saw the whiskey before it was taken from the cab of the truck, but they did see the motions and maneuvers of appellant and his opening the door of the cab and putting something therein from beneath his coat. The deputy sheriff, without a search warrant, proceeded to search the cab, and his doing so under such circumstances, and the admission of the evidence obtained thereby, is the basis of one of the assignments of error here. Appellant claimed that he had the truck rented, and, therefore, had dominion over it at the time when the search was made, and it was unlawful and against his rights. However, the evidence is clear that he did not have the truck rented, but that it belonged to one of the Martins, was being driven by one of them on their business of complying with the contract of sale of a cow and delivery thereof to the home of the appellant. Appellant, therefore, was not in a position to object to the search, or to the admission of the evidence secured thereby. Davis v. State, 144 Miss. 551, 110 So. 447.

Appellant says that he was in the mere transitory possession of the whiskey for the purpose of taking a drink, which had been offered to him by a negro just before the deputy and the patrolman came on the scene, and that therefore under the authority of such cases as Harness v. State, 130 Miss. 673, 95 So. 64, Anderson v. State, 132 Miss. 147, 96 So. 163, and Brazeale v. State, 133 Miss. 171, 97 So. 525, he was improperly convicted of unlawful possession of intoxicating liquor. However, he is contradicted as to this, and the jury heard the testimony and brought in a verdict contrary to the contention of appellant, and, under familiar rules, we will not disturb it. We have carefully considered the evidence on both sides in this case and are of the opinion that the verdict of the jury was not contrary to the great weight of the testi-

mony, which was conflicting. Therefore, the assignment of error based on the weight of the testimony is overruled.

The important issue to be determined in this case is a plea in abatement, based on the following facts: Some days after the scene at the truck, an affidavit against appellant was sworn to and lodged with a justice of the peace of District I of Leake County, Miss., where the crime occurred. However, the justice of the peace before whom this affidavit was made and with whom it was lodged was then at the county seat attending circuit court in District No. 2, which convened that day. This was in the morning. Later in the afternoon the grand jury of the county indicted appellant for the offense here involved and being the same identical offense charged in the affidavit. He was arrested under the indictment, but it does not appear from the record that he had then been arrested under the affidavit. He was tried and convicted in the circuit court, and from that conviction he appeals, assigning the errors discussed above and in addition raising the difficult question of jurisdiction between the circuit court and the justice of the peace courts. The rule with reference to the concurrent jurisdiction of the circuit and justice of the peace courts as to misdemeanors is Section 1831, Code 1942, and is construed in Milling v. State, 188 Miss. 592, 194 So. 291. The second syllabus is as follows: "The rule that where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction should proceed with trial and disposition of case is intended to prevent confusion and conflicts in jurisdiction, and to prevent a person from being twice tried for the same offense, and no defendant has the vested right to be tried in any particular court of concurrent jurisdiction."

We are, therefore, faced with the issue, whether the lodging with the justice of the peace, under these circumstances, of the affidavit against appellant whereon no warrant had been issued, prevented the circuit court under such conditions from acquiring exclusive jurisdiction

to dispose of the case finally, as was done here. Section 1832, Code 1942, provides that: "On affidavit of the commission of any crime of which he has jurisdiction lodged with a justice of the peace, he shall issue a warrant for the arrest of the offender returnable forthwith or on a certain day to be named, and shall issue subpoenas for witnesses as in civil cases, and shall try and dispose of the case according to law; and, on conviction, shall order such punishment to be inflicted as the law provides." We have in a number of cases held that an affidavit is essential to confer jurisdiction on a justice of the peace to try and punish an offender, and that such affidavit is a prerequisite to prosecution for the foundation of the jurisdiction of the justice of the peace, and that the court has no jurisdiction without it. Bigham v. State, 59 Miss. 529; Bramlette v. State, 193 Miss. 24, 8 So. (2d) 234, and others. However, we do not seem to have held more than that—in other words, we do not seem to have heretofore decided that the mere lodging of an affidavit with a justice of the peace confers full, final and exclusive jurisdiction on such justice court, so as to preclude the circuit court from indicting the offender and disposing of such offender in the circuit court where warrant had not been issued by the justice of the peace prior to the indictment. We approached the matter from that angle in the case of Hampton v. State, 138 Miss. 196, 197, 103 So. 10. In that case an affidavit was filed in the justice of the peace court of the county charging appellant with the sale of liquor, and upon this charge she was arrested and entered into bond for her appearance in that court to answer the charge. The affidavit had not been disposed of and was still pending in the justice of the peace court at the time of the trial in the circuit court. During the term of the circuit court an indictment was returned against the defendant charging her with the same offense. It was held that, under the conditions described, the circuit court acquired no jurisdiction. In the case at bar the justice of the peace had issued no warrant of arrest be-

fore the indictment was returned, and arrest pursuant to the indictment.

The state attacked the jurisdiction of the justice of the peace on the ground that the affidavit was made and lodged with him while he was out of his court district. We do not think there is anything to this argument.

The appellant, in the circuit court, filed a plea in abatement on an agreed statement of facts, as above set out, and claimed that the rule governing the concurrent jurisdiction between the justice of the peace court and the circuit court deprived the circuit court of jurisdiction here, since the jurisdiction had become fixed and exclusive in the justice of the peace court before the indictment was returned and appellant arrested under the indictment. This plea in abatement was overruled by the court, and such action by the court is assigned as error here. We are of the opinion that the trial court was right.

We have reached a conclusion in harmony with the views expressed in the case of Hampton v. State, supra, and in Smithey v. State, 93 Miss. 257, 46 So. 410, in which we held that a justice of the peace court has jurisdiction concurrent with the circuit court of misdemeanors, and, in the absence of fraud and collusion, may try a defendant duly charged with and arrested to answer a misdemeanor, although an indictment for the same offense has been found and returned in the circuit court, where defendant has not been arrested to answer it. Judge Mayes, in delivering the opinion of the Court, said: "The crime was one over which the justice of the peace had jurisdiction concurrent with the circuit court. Until arrest under the indictment, in the absence of proof or charge of fraud, the jurisdiction had not attached in the circuit court, so as to exclude the jurisdiction of the justice of the peace. Whenever there is an indictment and arrest, in either court, jurisdiction is then exclusive; but until then, in the absence of any allegation and proof of fraud or collusion, either court may proceed . . . " All of the

statutes cited by appellant, including Section 2438, Code 1942, were in the code prior to and at the time of the Smithey case, so that none of them are newly before us. Therefore, the circumstances of the instant case, in view of the authorities cited, had not reached the point at which exclusive jurisdiction had become fixed in the justice of the peace court, because no warrant had been issued by the justice of the peace and served by arrest of appellant at the time the indictment was found and returned in the circuit court and appellant arrested pursuant to said indictment; and the trial court was correct in overruling the plea in abatement.

The judgment of the trial court is affirmed.

Affirmed.