# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KA-01347-SCT

*FAYE THOMAS*

*v.*

*CITY OF CARTHAGE, MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/12/95 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES G. MCLEMORE, JR. |
| ATTORNEY FOR APPELLEE: | A. R. WRIGHT, JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED AND RENDERED - 10/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

On April 28, 1995, the City of Carthage Police Department conducted a sting operation involving twelve businesses licensed to sell beer in the City of Carthage. Fortune Mart, a convenience store, was one of the businesses targeted by the sting operation. Faye Thomas is the owner of Fortune Mart and holds a beer permit for the convenience store.

An affidavit was filed against Thomas in the Municipal Court of the City of Carthage, Mississippi, charging her with the sale of beer to a minor in violation of Miss. Code Ann. § 67-3-53(b). The affidavit was amended to charge Lucille Swinney, an employee of Thomas who worked at Fortune Mart, with selling beer to a minor on April 28, 1995. Swinney was found guilty of selling beer to a minor in the Municipal Court and was sentenced to pay a fine of $500. The City recommended a fine and probation for Thomas as owner of Fortune Mart, but the Municipal Court rejected the City's argument because there was no showing that Thomas had knowledge of the sale.

Swinney appealed her case to the Circuit Court of Leake County, Mississippi, where she was tried *de novo* and found guilty. Swinney was again sentenced to pay a fine of $500. After sentencing Swinney, the Circuit Court placed a fine of $100 on Thomas as the "holder of the beer permit" and prohibited

the sale of beer at Fortune Mart for thirty days, to be suspended upon payment of the fine and costs. Thomas filed a Motion to Vacate Judgment claiming that the Circuit Court had no jurisdiction and that she received no notice as required by due process. The Motion to Vacate Judgment was overruled. From that ruling, Thomas filed this appeal, presenting the following issues for review.

**I. DID THE CIRCUIT COURT ERR IN OVERRULING THOMAS' MOTION TO VACATE JUDGMENT?**

**II. DID THE CIRCUIT COURT ERR BY PUNISHING THOMAS FOR THE TRANSGRESSION OF HER EMPLOYEE?**

### DISCUSSION OF LAW

### I.

Miss. Code Ann. § 67-3-53 (as amended, 1995) provides:

> . . . it shall be unlawful for the holder of a permit authorizing the sale of beer or light wine at retail or for the employee of the holder of such permit:

> (b) To sell, give or furnish any beer or light wine to any person visibly or noticeably intoxicated, or to any insane person, or to any habitual drunkard, or to any person under the age of twenty-one (21) years.

The penalty for violating Miss. Code Ann. § 67-3-53(b) is set forth in Miss. Code Ann. § 67-3-69(3) (1972), which states:

> (3) If the holder of a permit, or the employee of the holder of a permit, shall be convicted of selling any beer or wine to any person under the age of twenty-one (21) years from a licensed premises in violation on Section 67-3-53(b), then, in addition to any other penalty provided by law, the holder of the permit may be punished as follows:

> (a) For the first offense on the licensed premises, the holder of the permit may be fined in an amount not to exceed Five Hundred Dollars ($500.00) and /or the sale of beer or wine on the premises from which the sale occurred may be prohibited for three (3) months.

After the circuit court fined Swinney $500 for selling beer to a minor, the circuit judge asked Thomas to rise. The trial judge then fined Thomas $100 and prohibited the sale of beer for thirty days, which was suspended upon payment of the fine, in accordance with Miss. Code Ann. § 67-3-53(b). As suggested by Thomas, no affidavit had been filed charging her with an offense,[1] no warrant for her arrest had been issued, she was not taken into custody, and she was not given any notice of any charges against her. She was at the proceedings to testify on behalf of Swinney and remained to hear the verdict.

Thomas makes two arguments that have merit on this issue. First, Thomas argues that she was denied due process because she was fined without being charged for violating the statute. Second, Thomas argues that the circuit court did not have jurisdiction to impose a fine.

This Court has consistently held that an affidavit is a prerequisite for the prosecution of a

misdemeanor. *See Bramlette v. State*, 193 Miss. 24, 8 So. 2d 234 (1942); *Smith v. State*, 198 Miss. 788, 24 So. 2d 85 (1945). Notice, whether of the time and place of a hearing, the content of a complaint, or of the specific notice of a criminal charge, is the essence of due process. *Johnson v. Weston Lumber & Building Supply Co.*, 566 So. 2d 466, 469 (1990). In the case *sub judice*, no affidavit was filed as required by Miss. Code Ann. § 21-23-7(1). Thomas was not aware of any charges until she was fined by the Circuit Court.

The City of Carthage (hereinafter "the City") goes into great detail discussing the history and evolution of Miss. Code Ann. §§ 67-3-53 and 67-3-69 without addressing the requirement of an affidavit. The City distinguishes the cases cited by Thomas from the case *sub judice* by stating:

> Faye Thomas was not tried or convicted of a crime. She was subjected to a fine or forfeiture of a privilege because her employee was convicted of selling beer to a minor.

The City's argument is based on a strict vicarious liability theory under Miss. Code Ann. § 67-3-69. Under the City's contention, as soon as an employee is convicted of selling beer to a minor, the permit holder is automatically liable for any fines or permit suspensions imposed by the court regardless of knowledge by the permit holder. This liability vests at the conviction of the employee, and the permit holder may be punished despite the lack of an affidavit, warrant, or notice. Because the permit holder is not being charged with actually selling beer to a minor, the requirement of an affidavit is inapplicable. The permit holder is merely subject to a fine or forfeiture of a privilege rather than criminal charges, and therefore, notice is irrelevant.

Prior to the 1995 amendment to Miss. Code Ann. § 67-3-53, which allows employees of a permit holder to be charged for sale of beer to a minor, only the permit holder could be charged, and a "lack of knowledge" defense was allowed. *State v. Labella*, 232 So. 2d 354, 357 (Miss. 1970). The City asserts that the amendment to Miss. Code Ann. § 67-3-53 eliminates this defense, placing strict vicarious liability on the permit holder making the requirement for an affidavit obsolete.

This Court agrees that Miss. Code Ann. §§ 67-3-53 and 67-3-69 place strict vicarious liability on a permit holder for the acts of his employees. However, Thomas did not receive due process. Upon conviction of the employee, the City should have filed an affidavit charging Thomas with violating the statute. Thomas then would have had an opportunity to defend herself in court. In the present case, Thomas received notice only after attending the trial of her employee.

The second argument presented by Thomas involves the jurisdiction of the circuit court. Thomas argues that the municipal court has jurisdiction over all cases charging violations of State misdemeanor laws made offenses against the municipalities. Miss. Code Ann. § 21-23-7(1). Thomas claims that the circuit court had no jurisdiction to fine her because the charge should have been made in municipal court.

The City contends that jurisdiction was conferred to the Circuit Court by statute at the moment that Swinney was convicted and, therefore, the municipal court did not exercise any jurisdiction over Thomas. When Swinney appealed to the circuit court for a trial *de novo*, the circuit court acquired jurisdiction to Thomas *de novo* as well. The City cites no law to support this position. The City also fails to mention that the municipal court refused to fine Thomas when Swinney was convicted in municipal court because there was no evidence that Thomas was aware of the sale.

We find that Thomas did not receive due process as guaranteed by the Mississippi Constitution. Thomas received no notice of any charges against her, and there is compelling evidence that the circuit court did not have jurisdiction. Had Swinney not appealed her case to the circuit court, Thomas would not have been fined. Thus, the circuit court erred in fining Thomas. The failure of the City to charge Thomas with a violation of the statute resulted in a denial of due process. Further, the circuit court erred in exercising jurisdiction over Thomas.

## II.

It is clear to this Court that a strict reading of Miss. Code Ann. § 67-3-53 in conjunction with Miss. Code Ann. § 67-3-69 places strict liability on a permit holder for the actions of an employee. Therefore, the circuit court was not in error in holding so. Nonetheless, the circuit court did err in fining Thomas when she had not been charged with violation of the statute, and in exercising jurisdiction over her, which it did not have. The Motion to Vacate Judgment filed by Thomas should have been granted. This is cause for reversal of the circuit court's fine upon Thomas.

**REVERSED AND RENDERED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., McRAE, ROBERTS AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, J.**


### BANKS, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:


This is a matter of first impression with regard to a statute of uncertain import as to both its categorization and its procedural mechanics. I view § 67-3-69(3) as a statute imposing additional *civil* penalties on the holder of the permit which are conditioned upon the conviction of the holder's employee, and therein lies my point of departure from the majority.

This view arises from the fact that a penalty is imposed upon a permit holder without a predicate finding of conduct on the permit holder's part which is prescribed as unlawful. That is, no statute suggests that it is a misdemeanor on the part of the permit holder that an employee sells beer to a minor. It is unlawful for the employee to do so but there is no crime described as, for example, "suffering one's employee to sell beer to a minor...." even though the "unlawful acts" section describes other activities with similar language, *e.g.,* "[t]o permit or suffer illegal gambling." Miss. Code Ann. § 67-3-53(f) (Supp. 1997). What is imposed by § 67-3-69(3) is an additional penalty to be applied after one's employee is convicted. The penalty imposed is a fine and suspension of the privilege to sell beer or light wine on the premises where the offense occurred for a period of time after the underlying conviction. While it is not dispositive, it is of some import that no sentence of incarceration is provided. The provision is placed within a section which prescribes penalties for violations of other sections which are explicitly deemed misdemeanors. Yet it does not attempt to describe a misdemeanor or to label any conduct as unlawful. The majority accurately describes the statute as, on its face, providing for "strict vicarious liability." It is this combination of features which leads me to conclude that it should be deemed civil and not criminal.

The procedural mechanism for imposition of the penalty is not clear. The provision gives no direction as to how and when the permit holder whose employee is convicted is to be brought before the convicting court or any other court. The state suggests that there is no need to bring the permit holder before the court because there is no defense once the employee is convicted and the sentencing court is empowered to impose the sanction on the permit holder. It would follow that no criminal affidavit would have to be filed against the permit holder and no other notice given. Presumably the sentencing court could simply enter a judgment.

The majority finds fault with this procedure in that a sanction would be imposed with no notice whatsoever. The majority's solution is to treat the § 67-3-69(3) penalty as criminal, requiring an affidavit against the permit holder and criminal prosecution in all instances where the penalty is to be imposed. Presumably the permit holder could be named in the same affidavit charging the employee with the unlawful sale. The problem with this, as indicated above, is that it assumes a crime where none is statutorily prescribed.

I agree that some notice and opportunity to be heard is required, however limited the scope of permissible defenses. I would accomplish this, however, by either requiring that a civil complaint be filed in the appropriate court as prescribed in §§ 67-3-31 to 67-3-41 or requiring that a notice of intent to impose the § 67-3-69(3) sanction be served upon the permit holder prior to trial and sentencing of the employee. In the latter instance, the sanction could be imposed by the sentencing court.

Here neither procedure was used. Thomas had no prior notice that a penalty was to be imposed. However, I dissent to the majority's rendering judgment in this case since the proposition that the circuit court lacks jurisdiction depends upon the majority's view that the statute is criminal. Because I believe otherwise, I would remand this matter to the circuit court for proper proceedings following notice.

**SMITH, J., JOINS THIS OPINION.**

1. Thomas's name was crossed out on the original affidavit and replaced by Swinney.