LOUIS WADLEY v. STATE OF MISSISSIPPI.

[50 South. 494.]

1. CRIMINAL LAW AND PROCEDURE.  *Unlawful sale of intoxicating liquors.*
    *Autrefois convict.  Pleading, out of time.  General rule.  Ex-*
    *ception.  Delay accounted for.*

    While the better practice is to require special pleas in criminal
        cases to be filed before the beginning of the trial, a defendant
        indicted for the unlawful sale of intoxicating liquors should not
        be precluded from pleading a former conviction, as being out of
        time, because he did not offer his plea until he had gone to trial
        and the state had offered its evidence, where the indictment
        charged the offense to have been committed in a designated year,
        without specifying the day or the month, and the date of the
        sale counted upon for a conviction was not developed or known
        to the defendant until the introduction of the state's testimony.

2. SAME.  *Same.  Code 1906, § 1702.  Sufficiency of plea of autrefois*
    *convict.*

    Under Code 1906, § 1762, providing that, on trial for violating the
        liquor laws, the state may give evidence of any one or more of-
        fenses of the same character committed before the date laid in
        the indictment, but in such case, after conviction or acquittal,
        accused shall not be liable for prosecution for any offenses of the
        same character before the date laid in the indictment, a plea of
        former conviction, alleging that accused had been convicted of
        unlawfully selling intoxicating liquor, filed on the trial of an in-
        dictment which left blank the date of a similar offense, is good
        as against a demurrer; for the question whether the state on the
        former trial availed itself of the privilege of the statute is a mat-
        ter of proof, although a plea of guilty was entered on the former
        trial.

FROM the circuit court of, first district, Panola county.

HON. WILLIAM A. ROANE, Judge.

Wadley, appellant, was indicted for and convicted of the un-
lawful sale of intoxicating liquors and appealed to the supreme
court. The facts are fully stated in the opinion of the court.

*Shands & Montgomery,* for appellant.

It is true that the plea of *autrefois convict* was filed after the state had closed its case, but it was so filed without objection and no motion was made to strike it from the files because out of time, and, since the state demurred to the plea, it is too late for complaint to be made here for the first time on the ground that it was not seasonably filed.

It was impossible in this case for the defendant to know whether he could truthfully interpose the plea before the state had closed its testimony; he could not tell that the state counted for a conviction upon the sale pleaded until after the state's evidence had been heard. The indictment charged a sale on the —— day of ——, 1908, without designating the day or month and it failed to name the purchaser. Had the state proved a sale between the 8th of August and the 2nd of October, 1908, the plea would have been inapplicable.

The plea distinctly averred a former conviction of the same offense as the one upon which the state relied for a conviction in this case, and it was unquestionably in proper form and was good upon its face and not subject to demurrer.

Constitution 1890, sec. 22; 9 Ency. P. & P. 634, sec. C.; 1 Bishop's New Crim. Proc. § 810, p. 474.

*George Butler,* assistant attorney-general, for appellee.

It was expressly decided by this court in the cases of *Ireland v. State,* 89 Miss. 763, and *Ball v. State,* 67 Miss. 358, that the defense of a former conviction could only be set up by a special plea. While it is true that it is a favored plea, manifestly, when the plea is not filed until after the case has been opened, there should be some reason offered for the delay in filing it before it should have been received. Probably, the plea would have been stricken out on motion of the district attorney, but aside from this the plea was fatally defective in that it was not shown that the offense for which appellant had been con-

victed was the identical offense for which he was being tried. It will be noticed that the plea recites that the former offense was tried before a justice of the peace and that it was alleged to have been committed on the *7th day* of August, 1908, and that on the 8th day of August, 1908, appellant appeared and plead guilty of the charge and further alleges: "And defendant further avers that the offense charged against him in the affidavit, and for which he was convicted, and for which he has already paid the penalty of the law, is the same with which he is charged in this indictment in this case."

The evidence before the court at that time shows that the offense for which appellant was then being tried was committed in July, 1908, and not on the 7th day of August, 1908, the date of the commission of the offense for which he had previously been tried and convicted.

It is quite true that under Code of 1906, § 1762, if there had been given in evidence in the trial in the justice of the peace court the sale made in July in connection with the sale made on the 7th day of August, this would have operated as a bar to the prosecution for the sale,—*Pope v. State,* 63 Miss. 53,—but the plea recites that the defendant plead guilty to the charge. Therefore, under the statute, the prosecution as to the prior offense was not barred.

I think it may be safely said that the plea in this case does not distinctly allege that the offense charged in the former affidavit and this charge are one and the same, and this according to all of the authorities, is necessary.    9 Encl. Plead. & Prac. 634; *Pope v. State,* 63 Miss. 53.

It is true it is alleged in the plea that the offense charged in the affidavit is the same offense with which he is charged in the indictment, but this, taken in connection with the other allegation in the plea, that the offense for which he had been convicted occurred on the 7th day of August, means nothing more than that the crimes were of the same kind.

MAYES, J. delivered the opinion of the court.

The appellant was indicted at the September term of the circuit court of Panola county for unlawful sale of intoxicating liquors. The indictment states no specific date on which it is claimed the offense was committed, but as to this merely charges that it was "on the —— day of ——, 1908." Two distinct sales are testified to by two different witnesses; one of them testifying that the sale was made to him some time in June, 1908, and the other claiming that his purchase was in July of the same year. When this testimony was in, the defendant asked leave of the court to file a plea of former conviction of the same offense, and in support of this plea offered the record of the justice of the peace of the proper district, showing that appellant was charged, by affidavit of date August 7, 1908, with unlawfully selling intoxicating liquor, and convicted and sentenced on August 8th. It will be noticed that the conviction of appellant for unlawfully selling intoxicating liquor was subsequent to the date of which the witnesses claim they made the purchase from him. This plea was demurred to by the state, and the demurrer sustained, and plea stricken out, followed by a conviction of defendant under the indictment.

As the indictment did not allege the date on which the violation occurred, and as it was returned subsequent to the conviction of appellant in the justice court, it could hardly be expected that he would file the plea of former conviction until it developed in the state's testimony that the state intended to rest its prosecution on a sale occurring prior to the conviction before the justice. It may be better practice to file the plea of former conviction before the trial commences, if the defendant knows such facts as would justify the plea at that time; but in this case it took the state's testimony to develop the appropriateness of the plea. We know of no rule of pleading that makes it imperative for a plea of this nature to be filed before the trial is begun, and to so hold in this case would thwart jus-

tice.   The plea was proper, and the court erred in sustaining the demurrer and striking out the plea.   This is particularly true in this case, where the indictment lays the date in blank, only alleging that it was in 1908, and because of section 1762 of the Code of 1906, which provides: "On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence of any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

The state must take the benefits of this statute subject to its burdens.   The offense proven by the state was prior to the conviction of appellant before the justice of the peace, and if it be true that in the prosecution before the justice of the peace on the 8th day of August, 1908, the state availed itself of this statute and let in evidence of more than one sale, then there can be no further prosecution of appellant for any offense of the same character occurring prior to the date laid in the affidavit in the justice court, to wit, August 8, 1908; and whether the state did avail itself of this statute in the prior prosecution can only be determined by proof, showing whether or not the state confined itself to a single issue, to wit, the date laid in the affidavit, and this is true, although there was a plea of guilty entered on former trial.   For all that is shown by this record, the state may have fully developed its case before this plea was entered.

*Reversed and remanded.*