DORCAS KING *v.* STATE.

[54 South. 657.]

CRIMINAL LAW.  *Plea of autrefois acquit. Intoxicating liquors. Code 1906, section 1702.*

The state must either demur or reply in writing to a plea of *autrefois acquit.*

Code 1906 provides: "On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, etc., the state shall not be confined to the proof of a single violation, but may give in evidence any one or more offenses of the same character committed anterior to the day laid in the indictment or affidavit, and not barred by the statute of limitations, but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or affidavit." Under this statute the state may not prove more than one sale, and then elect which sale it will ask a conviction on. The election must be made before the testimony is introduced. The state takes the benefit of this statute subject to its burdens.

APPEAL from the circuit court of Lauderdale county. HON. J. L. BUCKLEY, Judge.

Dorcas King was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Wyatt Easterling,* for appellant.

Appellant should have been permitted to present her special plea of *autrefois acquit* to the jury at the beginning of the trial when the issues in the case were being presented to the jury. American and English Encyclopedia of Pleading and Practice, page 629, section 5. It is an issue that lies distinctly within the province of the jury. "The plea being one of mixed nature involving matters of fact, it is, when not demurrable, a question for

a jury to decide, and it is error for the court to strike it out on motion of the prosecution,'' etc. And, too, this special plea was based upon section 1762 of the Code of 1906 which reads as follows, to-wit: ''What can be proved under prosecution. On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit.''

Of what purpose are such a plea, and statute, if the defendant is not to be permitted to invoke them? or why not dispense with them?

*Carl Fox,* assistant attorney-general, for appellee.

By the very terms of section 1762, Code 1906, it cannot apply to the case at bar. At the first trial defendant was acquitted of a sale made by her before the sale for which she was convicted in the case at bar. Section 1762 provides that when the state produces evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or affidavit, the accused shall not again be liable to prosecution for any offense committed anterior to the day laid in the indictment or affidavit. The indictment was in blank but the day was laid when proof of the date of the sales was made, and in the case at bar, defendant has not been tried for any offense committed ''anterior'' to the day on which the other sale was made. The trouble with the argument of counsel for appellant is that he is considering section 1763 as a rule of evidence, which conten-

tion this court has expressly denied in the case of *Thomas* v. *Yazoo City,* 48 So. 821. Under this section it is not competent for the state merely to offer evidence of other sales made prior to the day laid in the indictment for the purposes of proving the specific sale alleged in the indictment. *Harvey* v. *State,* 49 So. 268.

But the state may prove, if it can do so beyond a reasonable doubt, such other sales as the constituent offense, under the law. Again, the state may elect to proceed, under section 1762, Code 1906, to prove, if it can do so beyond a reasonable doubt, sales anterior to the day laid in the indictment; or the state may elect to stand upon a specific sale alleged in the indictment. *Wadley* v. *State,* 50 So. 494.

The latter course was pursued by the state in the case at bar; and while evidence was given at the former trial of the sale for which the defendant was tried in the case at bar, defendant was not tried for this offense, and could not have been convicted of it or acquitted. No evidence was given at the former trial of any offense committed anterior to the day laid in the indictment, or even anterior, in point af time, although on the same day.

ANDERSON, J., delivered the opinion of the court.

The appellant, Dorcas King, was convicted in the circuit court of Lauderdale county of the unlawful sale of intoxicating liquors, and appeals to this court. The appellant interposed a plea of *autrefois acquit.* The state neither demurred nor replied to this plea, and the court refused to permit appellant to present to the jury the issue proposed by the plea. The record of the alleged former acquittal, including the testimony introduced on behalf of the state, is made part of the plea, and shows these facts: At the July term, 1909, two indictments were returned against the appellant, charging her with the unlawful sale of intoxicating liquors. They did not

charge to whom the liquors were sold, nor the date of
the sales, further than they were made in 1909. The in-
dictments are numbered 2,593 and 2,594, respectively.
In August, 1909, the appellant was tried, and acquitted,
on indictment No. 2,593. At the same term of the court
she was tried and convicted on indictment No. 2,594,
which is this case. On the first trial the witnesses for
the state were Bob Brown and Susie Thomas. They
both testified that some time during the summer of 1909,
and shortly before the trial, they went to appellant's
house, and witness Brown first bought from appellant six
drinks of whiskey, paying therefor ten cents a drink;
and then in a short time, from a half an hour to an hour,
he bought a bottle from her, paying fifty cents therefor.
After proving both of these sales by the witness Brown,
the district attorney stated to the court that the state
elected to prosecute appellant in that case for the sale
of the six drinks of whiskey. The witness Susie Thomas
was then introduced by the state, and testified as did
Brown, to both sales, both on direct and cross-examina-
tion. On the trial of the second case, under indictment
No. 2,594, these same witnesses were introduced by the
state, and testified to the identical sales about which
they testified in the first trial, as shown by said plea of
*autrefois acquit.* The district attorney, in the second
trial, attempted to have them confine their testimony to
the sale of the bottle of whiskey; but in testifying they
proved both sales as in the first trial.

The court should have required the district attorney,
on behalf of the state, to either demur or reply to the
plea of *autrefois acquit,* as in the judgment of the dis-
trict attorney advisable; and such demurrer or plea
should have been in writing. If the facts set out in the
plea of *autrefois acquit* were true, the appellant was en-
titled to a peremptory instruction to the jury to return a
verdict of not guilty. Such facts constituted a bar to the
prosecution under indictment No. 2,594.

Section 1762, Code 1906, provides: "On the trial of all prosecutions for the violation of law by the sale of giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit." Under this statute, the state may not prove more than one sale, and then elect which sale it will ask a conviction on. The election must be made before the testimony is introduced. As said by the court in *Wadley* v. *State,* 50 South. 494, in construing this statute: "The state must take the benefits of this statute, subject to its burdens."

The advantage to the state, and disadvantage to the defendant, of permitting the state to prove any number of sales made prior to the indictment, not barred by limitation, is apparent. It is rendered more difficult for for the defendant to prepare his defense. He does not know what sales the state will attempt to prove, nor by what witnesses; and where several sales are attempted to be proven, the jury probably requires less testimony to convict, than where only one sale is relied on. To permit the state to prove more than one sale, and then select which one it will ask a conviction on, would be to give it all the advantages of the statute, and relieve it from the burdens imposed by it. If the plea in question is true, this was what was done in this case.

*Reversed and remanded.*