ANDERSON NEELY v. STATE.

[56 South. 377.]

1. CRIMINAL LAW. *Indictment. Unlawful retailing. Abatement Prosecution. Code 1906, section 1762. Concurrent jurisdiction.*

Under Code 1906, section 1762, so providing, where a defendant has been indicted and arrested in the circuit court for unlawful retailing, he stands charged for every offense of unlawful retailing committed by him for two years prior to the time of finding the indictment.

2. SAME.

In such case no other court, after the finding of such indictment, can acquire jurisdiction for offenses committed within two years before the finding of such indictment while the indictment in the circuit court remains undisposed of, nor after it is disposed of, if that court received evidence of more than one sale.

3. CONCURRENT JURISDICTION.

Where concurrent jurisdiction is vested in two courts the court first acquiring jurisdiction acquires exclusive jurisdiction, and where proceedings are instituted in another court about the same subject-matter, after one court of concurrent jurisdiction has acquired control of the subject-matter, the suit should be dismissed in the last court attempting to acquire jurisdiction.

APPEAL from the circuit court of Yalobusha county. HON. N. A. TAYLOR, Judge.

Anderson Neely was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Creekmore & Stone,* for appellant.

Really the only question to be decided on this appeal is whether or not witnesses can go before a grand jury, and secure an indictment against a defendant for selling liquor, and then, while this indictment is pending, go before a magistrate and make an affidavit out against the same defendant for selling liquor, six months prior to the return of the indictment, and secure a conviction on this affidavit. This is a case of this sort. The affidavit in this case was gotten out in August, 1910, and the date fixed by the witnesses as the date of the offense, February, 1910. That before this affidavit was gotten out, that is July, 1910, these same witnesses had gone before the grand jury, and secured an indictment against this defendant for selling whiskey, which indictment is still pending against him. The witnesses swear that they told the grand jury all about the case covered by this affidavit. Our contention is simply this, that at the time the affidavit in the case at bar was filed, that Anderson Neely, the defendant, was being held to answer this same charge under an indictment of this district. That is, that the real effect of the affidavit in the case at bar was to oust the jurisdiction of the circuit court. We attempted on the trial to introduce this indictment. See the testimony of Doss E. Parks, and, also, to prove that identity of the Anderson Neely mentioned in the affidavit and in the indictment, but this was all excluded by the court. We rest entirely on this defense. We do not deny that the testimony makes out a violation of the whiskey law, but our client is being held to answer the same under an indictment which antedates the affidavit in the case at bar, and we resist this effort of the justice of the peace to oust the jurisdiction of the circuit court of the second

·district of Yalobusha county, and at ·the same time not ·dispose of the same indictment in the said circuit court. We consider the citation of authority unnecessary, and .ask for a reversal of this case and also ask ·that the order ·of reversal direct a discharge of the defendant.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

This is an appeal from conviction for retailing. The .appellant was convicted before a justice of the peace on an affidavit sworn out against him in September, 1910, for an offense alleged to have been committed on February 14, 1910. At the August term of the circuit court, 1910, an indictment was returned against the defendant, ·charging him with retailing, the date laid in the indictment being August 1, 1910. The defendant has never gone to trial on the indictment in the circuit court. He was convicted on the affidavit in the justice court and .appealed to the circuit court at the January term, 1911. He was again convicted on the affidavit. On the trial, he attempted to introduce the indictment found against him at the August term of the circuit court as a defense, it being his contention that while this indictment was pending, no affidavit could be filed before a justice of the peace.

Counsel's contention must fail for several reasons. In the first place, there is nothing to show that the offenses are identical; in fact, the date laid in the affidavit is February 1, 1910, while the date laid in the indictment is August 1, 1910. The defendant now being convicted under the affidavit could not be prosecuted for retailing if the offense occurred prior to February 1, 1910, the date laid in the affidavit. See section 1762 of the Code of 1906. But he could be prosecuted under the indictment for any sale made between February 1, 1910 and August 1, 1910. If it develops on the trial under the indictment that the sales testified to by witnesses occurred

prior to February 1, 1910, the defendant can then plead former conviction and set up the judgment in the instant case; but if the witnesses testified to a sale between February 1st, and August 1st, no such defense could be set up.

In the next place, at the time of the trial in the circuit court under the affidavit, defendant had never been convicted under the indictment. It was still pending. If he was ever tried under the indictment and it develops that the offense there testified to is the same as the one under which he is convicted, he can plead former conviction. The contention of counsel must, therefore, fail, as it is without foundation under our law.

Argued orally by *W. I. Stone,* for appellant, and *J. R. McDowell,* assistant attorney-general, for the state.

Mayes, C. J., delivered the opinion of the court.

The record shows that appellant was indicted generally for unlawful retailing at the August term, 1910, of the circuit court of Yalobusha county. The offense charged in the indictment is alleged to have been committed on the 1st day of August of that year, and it also appears that appellant was arrested under this indictment. The appellant was not placed on trial under the indictment at the August term of the circuit court, and has not been tried under the indictment, though the indictment is still pending in the circuit court of the county. After the finding of this indictment in the circuit court, and while it was pending in that court, one E. H. Rogers, marshal, made an affidavit on the 26th day of September, 1910, charging that appellant sold intoxicating liquors on the 1st day of February, 1910. The affidavit was made before one Wood, a justice of the peace of the county, and appellant was arrested on this affidavit, tried and convicted in the justice of the peace court. He appealed from his conviction to the circuit court, and was there

again tried and convicted, from which conviction he prosecutes an appeal to this court. On the trial of the case in the circuit court the appellant attempted to show that he was under indictment in that court for unlawful retailing alleged to have taken place on the 1st of August, 1910, and that no trial under the indictment had yet been had. The appellant offered further testimony to show that he was the same person named in the indictment, and that the charge in the indictment was the same as that named in the affidavit. Let the fact be emphasized that the circuit court indictment was on August 1, 1910, and that appellant was arrested under same. Let it further be emphasized that the affidavit was made after the indictment and arrest in the circuit court, and the offense charged appellant with unlawful retailing on the 1st day of February, 1910, which is within two years from the finding of the indictment in the circuit court. In other words, two years back from the date of the indictment covers this same period of time. The trial court would not let appellant show any of the above facts.

It was error for the court to exclude this testimony, for the reason that, if it is true, then it was the duty of the court, not to direct a verdict of acquittal, as was asked by appellant, but to dismss the affidavit for want of jurisdiction in the magistrate's court to entertain the charge under the circumstances. In the case of *Smithey* v. *State,* 93 Miss. 257, 46 South. 410, this court held that, where concurrent jurisdiction is vested in two courts, the court first, acquiring jurisdicton acquires exclusive jurisdiction; and it follows from this, of course, that if a proceeding is instituted in the other court about the same subject-matter, after one of the courts of concurrent jurisdiction has acquired control of the subject-matter, the suit should be dismissed in the last court attempting to acquire jurisdiction. 12 Ency. Plead. and Prac., 151.

With this statement of the case, we will undertake to show that under the indictment in the circuit court the appellant stood charged with a violation of the liquor laws for every hour of every day from August 1, 1910, two years back, and, of course, this period of time covered February 1, 1910.

Under section 1762 of the Code of 1906 it is provided that: "On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character ,committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitation; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

Under this section of the Code a person indicted for unlawful retailing stands under indictment for every offense committed by him for two years prior to the time of the finding of the indictment. In other words, since the statute provides that the state "may give in evidence any one or more offenses of the same character committed by him anterior to the date named in the indictment or affidavit and not barred by the statute of limitations," and may convict for any offense committed within two years next before the day laid in the indictment, which is the period of limitation fixed by the statute for prosecutions of this character of offense (see Code 1906), it follows that the jurisdiction of the circuit court attached, and gave that court the right to proceed and convict and punish for every offense committed within that time. This being the case, no prosecution for unlawful retailing can be begun against him for the same period of time in any other court while the indictment in the circuit court remains undisposed of, nor after it

is disposed of, if that court receives evidence of more than one sale. In the case of *Wadley* v. *State,* 96 Miss. 77, 50 South. 494, this court has said that the state must take the benefits of this statute, together with its burdens.

It follows that this case is reversed, and affidavit dismissed.

McLEAN, J. (dissenting).

I concur in so much of the foregoing opinion as holds that the circuit court should retain jurisdiction because the indictment was found anterior to the commencement of the proceedings before the justice of the peace, and that the case should be reversed; but I dissent as to the suit being abated or dismissed, and hold that the prosecution before the justice of the peace should be stayed till the appellant is tried upon the indictment. If the indictment is a general or blanket one—that is charging the unlawful sale, without naming the person to whom the sale was made—and if upon the trial the state introduces evidence to show more than one sale, then the verdict operates as a bar to any sale committed within two years next preceding the date of the filing of the indictment; but if the state confines itself to one sale other than the one charged in the affidavit made before the justice of the peace, then the charge made in the affidavit can be prosecuted to a finality, and the defendant acquitted or convicted as the evidence justifies. I do not understand that under section 1762, Code of 1906, a person can be convicted of but one offense for the violation thereof committed within two years previous to the commencement of the prosecution, and such seems to be the ruling of the court in the majority opinion. Section 1762, Code 1906, permitting evidence of more than one sale, was brought about by the ruling of this court to the effect that, when the state introduces evidence as to one sale, evidence as to another sale was inadmissible, and

hence, as the statute permits evidence of one or many sales, it is proper to provide that in such cases a conviction or acquittal in such would be a bar to all other prosecutions for violations within two years. I do not understand the law to be that if a party violates the law every day for two years—that is, seventy hundred and thirty times in the two years—he can be prosecuted and convicted for only one violation, unless, as stated above, he is indicted generally for unlawfully retailing, and the state produces evidence upon the trial of more than one violation. But upon the other hand, I do insist that it is lawful to indict one for as many violations as he has committed, and the conviction or acquittal upon either indictment is not a bar to the other indictment, if the state confines its evidence to one sale.

If the opinion of the majority is sound, it seems to work out this state of affairs, to wit: I may violate this law, say on the 1st day of January, again on the 2d, 3d, 4th, 5th, and so on, every day until the circuit court convenes, say July 1st following, and a few days before the grand jury convenes one of my friends can go before a justice of the peace and make an affidavit charging me with violation, and I am tried or acquitted as the case may be, and then when the grand jury convenes it indicts me, I am arraigned, and plead that the former prosecution before the justice of the peace is a complete bar. The legislature never intended that such a monstrous condition should be permitted. The legislature of the state for more than a quarter of a century has taxed its ingenuity to the utmost in order to prohibit the unlawful sale of intoxicating liquors. If the opinion of the majority is the law, then the efforts of our legislature have been in vain, and a new statute will be imperatively demanded, and this lawless, godless, manhood, and virtue destroying element must be made to stop this nefarious practice. The only way to do it is to prosecute them vigorously. As long as I remain upon the bench, I will

never render an opinion which *ex necessitate* will call forth a vigorous protest from the lawmaking department of the state.