STATE *v*. GRAY.

[71 South. 296.]

CRIMINAL LAW. *Trial. Election between sales.*            ,

In a trial for the unlawful sale of intoxicating liquors, it was
error for the court to require the state to elect on which sale.
a conviction would be asked, where evidence of three separate
and distinct sales by the defendant, within a period of two
years anterior to the date charged in the affidavit, was introduced
by the state.

APPEAL from the circuit court of Leflore county.
HON. F. E. EVERETT, Judge.

Gum Gray was acquitted of selling intoxicating liquors
unlawfully and the state appeals.

The facts are fully stated in the opinion of the court.

*Lamar F. Easterling,* Assistant Attorney-General, for the state.

Section 1762 of the Code of 1906, is as follows: "On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation but may give evidence of any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

This statute has been under review in a long line of cases beginning with *Kittrell* v. *State,* 89 Miss. 666, which was decided after this act went into effect and is referred to by the court, though section 1762 was not held applicable to it. This act was construed again in the case of *Harvey* v. *State,* 95 Miss. 601.

In the case of *Thomas* v. *Yazoo City,* reported in 95 Miss. 396, the defendant in the circuit court moved the court to require the city to elect one of the many sales proved, upon which to stand. This the court declined to do and charged the jury that if either sale had been proven, the jury were authorized to convict.

In passing on this question, Judge Fletcher, speaking for the court, *inter alia,* said: "This question has been before the court more than once, and convictions resting upon evidence of several sales have been affirmed without written opinions, and that, too, in cases where the court declined to put the state to an election. The view which has controlled the court, and which is now for the first time set out in a written opinion is that code 1906, section, 1762, amounts to far more than a rule of evidence.

"To some extent the very essence of the offense has been materially changed. We think that, as the law

stands now, its effect is to make the sale of intoxicating liquors stand upon the same basis as a nuisance. In other words, it is now unlawful for any person to sell liquors, and the offense is made out by proof of sales, however few or numerous they may be, provided they are committed within two years prior to the time laid in the indictment." See also *Wadley* v. *State,* 96 Miss. 77; *Neely* v. *State,* 100 Miss. 211; *King* v. *State,* 99 Miss. 23; *Moses* v. *State,* 100 Miss. 346; *Oliver* v. *State,* 101 Miss. 382; *Williams* v. *State,* 102 Miss. 259; *Page* v. *State,* 105 Miss. 536.

In view of the foregoing authorities it is too plain for argument that the trial court erred in requiring the district attorney to elect and for this reason we respectfully submit that the ruling of the lower court was erroneous and should be reversed.

*McBee & Gardner,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Leflore county. The appellee, Gum Gray, was charged in the magistrate's court with unlawful selling of intoxicating liquor and, having been convicted, appealed to the circuit court. In the trial of the case in the circuit court the state produced evidence of three separate and distinct sales of liquor by the appellee, Gum Gray, within a period of two years anterior to the date charged in the affidavit. At the conclusion of all the evidence, and after instructions had been asked and granted by the court, except instruction No. 1, counsel representing the appellee moved the court to require the state to elect on which sale, as testified to by witnesses, a conviction would be asked for. This motion was sustained by the court, and the district attorney was required to elect a particular sale upon which he would ask for a conviction. To the action of the court sustaining the motion to elect, the state then and there duly excepted, and now appeals to this

court for the purpose of settling the principles of this case only;. the defendant having been acquitted by the jury.

The only question to be determined in the case is whether or not the trial judge was in error in requiring the district attorney to elect a particular sale upon which to ask a conviction. The court below was clearly in error in making this requirement. *Thomas* v. *Yazoo City,* 95 Miss. 396, 48 So. 821, 1041; *Wadley* v. *State,* 96 Miss. 77, 50 So. 494.; *Neely* v. *State,* 100 Miss. 211, 56 So. 377; *King* v. *State,* 99 Miss. 23, 54 So. 657.

*Reversed.*