CHANDLER *v.* STATE.*

MATHIS *v.* SAME.

(Division A.    Dec. 7, 1925.)

[106 So. 265.    Nos. 24627, 25064.]

1. CRIMINAL LAW. *Court first acquiring exclusive jurisdiction may relinquish it by valid order of dismissal.*

   One of two courts of concurrent jurisdiction may, by valid order of dismissal, relinquish its exclusive jurisdiction, acquired by criminal prosecution being first instituted therein, so that the other court may then proceed with prosecution of the same offense instituted therein before such order.

2. CRIMINAL LAW. *Justice court without authority to enter order of dismissal in criminal case, after continuance of case to definite subsequent date.*

   Under Constitution 1890, section 171, and Code 1906, section 2749 (Hemingway's Code, section 2248), as to jurisdiction and authority of justice of peace court in criminal cases, after justice continues case to a definite date, and defendant is discharged

till then, court is in effect in vacation, and cannot enter valid order of dismissal, without defendant's consent.

3. CRIMINAL LAW. *Discharging jury and continuing case not sufficient for former jeopardy.*

In view of Constitution 1890, section 22, requiring actual acquittal or conviction on the merits to bar another prosecution, plea of *autrefois acquit* was not sustained by fact that after jury had been qualified, but before it had been accepted by both parties, justice of peace discharged jury and continued case to later date.

---

*Headnotes 1. Criminal Law, 16 C. J., Section 166; 2. Criminal Law, 16 C. J., Section 599; 3. Criminal Law, 16 C. J., Sections 363, 394 (Anno).

In No. 24627:

APPEAL from circuit court of Clay county.
HON. J. I. STURDIVANT, Judge.

In No. 25064:

Appeal from circuit court of Benton county.
HON. THOS. E. PEGRAM, Judge.

Cora Chandler and Will Mathis were convicted of unlawful possession of liquor, and they appeal. The conviction of Cora Chandler was affirmed, and she filed a suggestion of error. Sustained. Both cases reversed and remanded.

*B. H. Loving,* for appellant, Cora Chandler, on suggestion of error.

*The circuit court had no jurisdiction of this case.* The uncontradicted evidence shows that prior to the finding of this indictment a prosecution for this same offense was commenced in justice court and that also, prior to such time that a term of such justice court was held wherein this case was taken up and that at such time and term of justice court that the case therein was set for trial on October 24, 1924, by agreement of all of the

parties, by an order of such justice court, and that thereupon such justice court adjourned and appellant was discharged until October 24, 1924; and that after the finding of the indictment in circuit court, that on October 2, 1924, the county attorney called said justice of the peace over the telephone and requested him to dismiss the said prosecution in his court, and that thereupon said justice of the peace did enter an order on his docket dismissing the case at the request of the county attorney and that neither appellant, or her counsel, then appeared in such justice court, or were in such justice court, and that they were not consulted about the same, and did not agree to it. This evidence follows a plea of appellant to the jurisdiction of the circuit court.

Appellant contends that the magistrate had no right under the undisputed facts, as shown by the evidence, to dismiss the prosecution in his court, or to take any action whatsoever in the matter until the day arrived to which he had continued the case, to-wit: October 24, 1924, and that his attempted dismissal prior to that time, without the agreement of appellant, and without notice to her, was void, and was no dismissal.

The attorney-general says that as the docket of the justice of the peace in this case did not show the continuance and the setting of the cause for a particular date, but did show that the cause stood dismissed, that the same is conclusive against our contention.

But under decisions of this court the mere failure of the justice of the peace to perform the mere clerical duty of entering the order of continuance, and of a setting of the case for trial, as aforesaid, on his docket, did not render the same void. *Lurenberger* v. *State,* 74 Miss. 379, 21 So. 134; *Holley* v. *State,* 74 Miss. 878, 21 So. 923.

The attempted dismissal of the prior prosecution for the same offense in the justice court was void and the cause is still pending there.

*Harry M. Bryan,* assistant attorney-general, for the state, in reply to suggestion of error.

Under section 171 of the Constitution, justices of the peace are given concurrent jurisdiction over misdemeanors with the circuit courts. Of course, it is not the sense of this section that actions may be pending in both at the same time concerning the same subject-matter. This leads us to the question as to what harm could follow from a dismissal in the justice court, in the absence of fraud? So long as the appellant is not endangered by being subjected to double jeopardy can he complain of a voluntary dismissal? The theory of dismissals is that they are favorable to defendants charged with crime. Therefore, the conclusion is inescapable that in order to reverse this case it will be necessary to determine that such dismissal materially injured appellant and was an invasion of her rights.

The regular court terms of justices of the peace have no application to criminal matters which may be heard and determined at any time. The justice of the peace. who tried this cause testified that his docket did not show that the cause was triable on a particular day, by agreement or otherwise. His docket did show that at the time of the trial of this cause in the circuit court it stood dismissed with him. If appellant feels that she might be twice placed in jeopardy for the same offense she could plead her conviction in the circuit court, in bar, in case the matter should come before the justice of the peace at any future time that the record shows that the dismissal took place before the time of the indictment.

The authorities are agreed that the dismissal of a criminal case does not work to the prejudice of the defendant unless and until the jury to try the case at least has been empanelled and sworn. There are various stages after the empanelling and swearing of the jury which mark the dividing line as between prejudice and harmless action, according to the different state courts of last resort. See 16 C. J. 433.

The dismissal of the case against appellant, in the justice court, was not to her prejudice and therefore not

an act of which she can complain. *Clarke* v. *State,* 23 Miss. 261.

We can see no distinction between the power to enter a *nolle prosequi* in cases pending in the circuit court and dismissals in cases pending in courts of justices of the peace. There being no act therefore of which appellant could complain and the circuit court in this case having full and complete jurisdiction, the suggestion of error should be overruled.

*L. A. Smith,* for appellant, Will Mathis.

The Constitution of the United States provides—'''nor shall any one for the same offense be twice put in jeopardy for life or limb.'' And this provision is binding on the courts of the state of Mississippi, as being the paramount law. *State* v. *Moor,* Walker 134, 1 Mor. State Cases, 13, 12 Am. Dec. 541n.

Section 22 of the Constitution of the state provides that "no person's life or liberty shall be twice placed in jeopardy for the same offense; provided there must be an actual acquittal or conviction on the merits to bar another prosecution."

It is the contention of appellant that these two sections mean the same thing, or, if not, that the Constitution of the state of Mississippi, where antagonistic to that of the United States, must yield to it in this case, and that the provision in the state Constitution which might seem to be a limitation on the provision of the Federal Constitution is not so in fact, but refers to those instances in a trial when a mistrial has to be entered on account of a disagreement, or when a jury has to be discharged before reaching a verdict because of the end of the term, or for some other reason of necessity.

See section 2716, Code of 1906, section 2209, Hemingway's Code, where it is provided: "A challenge to the array shall not be sustained, except for fraud, nor shall any *venire facias* in a criminal case, be quashed from

any cause whatsoever.'' This means actual fraud. *Cook* v. *State,* 90 Miss. 137, 43 So. 618.

That the action of the magistrate in sustaining the motion of the county attorney to discharge the entire jury on his challenge to the array, after it had been accepted by both the state and defense for cause violated above statute is manifest.

In a justice of the peace court it was virtually quashing the *venire facias,* which is prohibited by the statute also. The courts never have possessed this right in Mississippi, and it would shock our sense of the wisdom and the humanity and love of liberty we ascribe to our fathers if we construed the above section of the Constitution to give the courts such power. *Teat* v. *State,* 53 Miss. 439.

A party is placed in jeopardy whenever, upon a valid indictment, in a court of competent jurisdiction, and before a legally constituted jury, his trial has been fairly entered upon; and if thereafter the jury is illegally, improperly, and unnecessarily discharged by the judge, it operates as an acquittal, so that he cannot ever afterward be arraigned again for the same offense. *Price's case,* 36 Miss. 531 (72 Am. Dec. 195); *Josephine's case,* 39 Miss. 613; *Holley* v. *State,* 74 Miss. 878, 21 So. 923; *Helm* v. *State,* 66 Miss. 537, 6 So. 322.

Having been acquitted in the court of the justice of the peace on a charge which that court had under its jurisdiction concurrently with the circuit court, the case was ended, and the circuit court had no right to revive it by indictment and convict the appellant on the identical charge on which he had previously been acquitted. *Smithey* v. *State,* 93 Miss. 537, 46 So. 410.

II. As to jurisdiction, it is our contention that the justice of the peace having concurrent jurisdiction thereof with the circuit court, and being in possession of the case on a continuance to its next term of court, the circuit court could not indict this appellant in the interim

on the identical charge then pending before the justice of the peace, and that it did not aid its jurisdiction any by having the judge of the circuit court call the justice of the peace and the district attorney before the bar of the circuit court, after the indictment had been returned, and compel a dismissal of the case by the justice of the peace at the request of the district attorney. A justice of the peace in his own court has as much authority within the limitations of the powers of his court as has the circuit judge, and the county attorney is appointed by law to represent the state there, not the district attorney. The judge had no right, and neither did the district attorney, after the indictment in the circuit court, merely in an effort to acquire jurisdiction there, to compel the justice of the peace to relinquish his previously acquired jurisdiction.

The law would not permit a defendant, in collusion with a justice of the peace, after an indictment had been returned by the circuit court for a misdemeanor, to submit a plea of guilty before a justice of the peace on the identical offense upon an affidavit filed with the justice of the peace in order to take jurisdiction away from the circuit court. The law seeks to make both courts equal on this matter, and if the above be true, and no one will deny it—then its converse should be true, and the court deny to the circuit court the right to do on behalf of the state what it would deny to the justice of the peace the right to do on behalf of the defendant. See *Hampton* v. *State,* 103 So. 10.

*F. S. Harmon,* special assistant attorney-general, for the state.

The question seriously argued by counsel for appellant is that the circuit court had no jurisdiction to try this case. Counsel predicates this first of all on the ground that there had been an actual trial and acquittal in the court of justice of the peace, R. G. Bright, and as

a matter of fact the record shows that this case was twice
tried in the justice court and on each occasion a mistrial
was entered. The case was set a third time for trial and
the record states that six named men "were called to sit
as jurors, and the county attorney asked the court to dis-
charge the array, so that it is the judgment of the court
that the jury be discharged and this cause be continued
to the next term of the court."

Peremptory challenges had not been exercised by eith-
er side. We believe this court will heartily agree with the
trial judge that no jury had ever been legally empanelled
to try the cause in the justice of the peace court, and,
therefore, the justice of the peace had authority on mo-
tion of the county attorney to continue the case.

It appears that the pending cause in the justice of the
peace court had been dismissed at the moment when
this appellant plead not guilty to this indictment. There-
fore the circuit court had jurisdiction at the time when
the trial of this case was entered upon. It is also clear
that the trial judge simply made a request of the dis-
trict attorney and of the justice of the peace that the
cause be dismissed in the justice court and no coercion
was exercised, but the justice of the peace entered this
dismissal of his own will and accord, as his own docket
shows, at the request of the district attorney.

Counsel for appellant cites some early cases on the
question of double jeopardy, but these cases are not in
point. Section 22 of the Mississippi Constitution of
1890 established a new and salutary rule by providing
that there must be an actual conviction or acquittal on the
merits to bar another transaction. This court held, in
*Roberts* v. *State*, 72 Miss. 728; 18 So. 481, that: "This
section was put into the Constitution in the interest of
due and proper administration of the criminal law, is
too plain for construction, and means exactly what it
says." See also *State* v. *Kennedy*, 95 Miss. 625, 50 So.
978.

Counsel for appellant cites *Everlina Hampton* v. *State*,
103 So. 10. The Hampton case and the case at bar are

very distinguishable. The court in its opinion in the Hampton case cited with approval *Rodgers* v. *State,* 58 So. 536, which see. The court of a justice of the peace is always open for criminal business, and his docket is the best evidence of the proceedings before him, and the docket in this case shows that a dismissal of the charge against the appellant was entered.

Argued orally by *L. T. McKenzie* and *L. A. Smith,* for appellant, Will Mathis, and *F. S. Harmon,* special assistant attorney-general, for the state.

Cook, J., delivered the opinion of the court.

The appellant Cora Chandler was convicted in the circuit court of Clay county on a charge of unlawfully having in her possession intoxicating liquor. The appellant Will Mathis was convicted in the circuit court of Benton county of the same offense, and an appeal was prosecuted from each of these convictions.

The case of *Cora Chandler* v. *State* (No. 24627,) was affirmed without an opinion on a former day of this court, and a suggestion of error was duly filed, and the cause has been carefully reconsidered in all its aspects, but with particular reference to the point that the circuit court was without jurisdiction to proceed with the trial of the defendant on the indictment therein returned. This jurisdictional question was raised in the court below by plea, and the same question is presented in the case of *Will Mathis* v. *State* (No. 25064), and we will state the facts as developed in the two records in so far as they bear upon this point.

It appears from the record that an affidavit was made before a justice of the peace of Clay county charging the appellant Cora Chandler with the unlawful possession of intoxicating liquors. The appellant was arrested on this charge and brought before the justice of the peace for trial, whereupon, by agreement of all the parties, the case was continued and set for trial on the 24th day of

October, 1924.   Thereafter, and on the 29th day of Sep-
tember, 1924, a special term of the circuit court was con-
vened, and the grand jury returned an indictment against
appellant charging her with the same offense charged
in the affidavit then on file in the justice of the peace
court.   After this indictment was returned, and on the
2d day of October, 1924, the county attorney telephoned
the justice of the peace, requesting him to dismiss the
prosecution in the justice court, and thereupon, without
the presence, knowledge, or consent of the appellant, the
justice of the peace entered an order of dismissal on his
docket.   On the 8th day of October thereafter the case
was called for trial on the indictment in the circuit court,
and appellant filed a plea to the jurisdiction of the court
on the ground that the justice court was without power to
dismiss the prosecution without the consent of the ap-
pellant, at any time before the 24th day of October, 1924,
the date fixed for the trial of the case in the justice court,
and that, since jurisdiction of the offense was still lodged
in the justice court, a court of concurrent jurisdiction
with the circuit court, the circuit court acquired no
jurisdiction to proceed with the indictment for the same
offense.

The record in the case of Will Mathis, appellant dis-
closes that an affidavit was made before a justice of the
peace of Benton county charging the appellant with the
unlawful possession of intoxicating liquors, and he was
arrested and brought before the justice of the peace for
trial.   The case was tried before a jury, and resulted in a
mistrial, and thereupon the case was continued to a fixed
date.   On the date fixed for the second trial a jury was
impaneled to try the cause, and, this jury being unable to
agree on a verdict, a second mistrial was entered, and
the case again continued to a fixed date.   On the date fixed
for the third trial a jury was summoned and the trial
begun:   However, before the impaneling of the jury was
completed, the county attorney moved the court to dis-
charge the jury, which was accordingly done, and the

case was again continued to a fixed date. This last order continuing the case was entered on the 28th day of March, 1925, and on the 30th day of March, 1925, a special term of the circuit court was convened, and the grand jury returned an indictment against the appellant charging him with the same offense charged in the indictment then on file in the justice of the peace court. After this indictment was returned and the appellant arrested, the district attorney notified the court that an affidavit against the appellant for the same offense was pending in the justice court, and thereupon the circuit judge called the justice of the peace before him, and, having ascertained from him that his docket was at the courthouse, the circuit judge requested the justice of the peace to dismiss the prosecution in his court. This request of the judge was readily complied with, and thereupon the trial upon the indictment in the circuit court proceeded, resulting in the conviction from which this appeal was prosecuted.

It has been repeatedly held by this court, as reannounced in the case of *Rodgers* v. *State,* 101 Miss. 847, 58 So. 536, that, where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction acquires exclusive jurisdiction, and that, if a proceeding is instituted in another court about the same subject-matter after one of the courts of concurrent jurisdiction has acquired control, the suit should be dismissed in the last court to acquire jurisdiction; but the court held in the *Rodgers case, supra,* that no defendant has a vested right to be tried in any particular court of concurrent jurisdiction, and, when one court of concurrent jurisdiction has acquired jurisdiction and voluntarily relinquishes it by a *nolle pros.* or dismissal, the other court may proceed with the prosecution. The Rodgers case, however, is not decisive of the point here presented, for the reason that in that case the dismissal of the prosecution was in open court, when both parties were present, and upon the day fixed for trial in that court, to

which the defendant was bound to appear. The right of
a justice court to dismiss a prosecution on the day fixed
for trial of the case, as was done in the Rodgers case, can-
not be doubted, and it is settled by the decisions of this
court that a defendant cannot complain of a valid dismis-
sal or *nolle prosequi;* and if the dismissal orders in the
cases at bar are valid, then, under the doctrine of the
Rodgers case, the circuit courts were authorized to pro-
ceed with the prosecutions.

The decision of the question of the validity of these
dismissal orders involves a consideration of the power
of a justice court to take any final action affecting the
rights of a defendant at any time other than that fixed
by the process or orders of the court for the trial of the
case. The idea that the justice courts are in continuous
session for the transaction of criminal business and the
trial of any particular case is a misconception. The
jurisdiction and authority of justice of the peace courts
to try criminal cases, and to fix the terms of its courts
and the time for trial of criminal causes, is found in
section 171 of the Constitution of 1890, and section 2749,
Code of 1906 (section 2248, Hemingway's Code), confer-
ring upon justices of the peace jurisdiction concurrent
with the circuit court over all crimes whereof the pun-
ishment prescribed does not extend beyond a fine and
imprisonment in the county jail, and in section 2750, Code
of 1906 (section 2249, Hemingway's Code), and section
2752, Code of 1906 (section 2251, Hemingway's Code),
which two latter sections provide for the issuance by a
justice of the peace before whom a proper affidavit has
been lodged of a warrant for the arrest of the offender,
returnable forthwith, or on a certain day to be named,
and authorize the arresting officer, or the justice of the
peace before whom the offender is brought for trial, to
require a proper bond or recognizance for the appear-
ance of the offender for trial, upon adjournment from
time to time and from day to day, or to subsequent
day.

Upon the proper execution and return of a warrant for the arrest of an offender, which, under section 2750, Code of 1906 (section 2249, Hemingway's Code), may be returnable forthwith or on a day certain, the justice of the peace may at once convene his court and proceed with the trial of the accused, and he may adjourn the trial from time to time and from day to day, or he may continue the case to a subsequent day, but when the accused is in court on the return day of the warrant, or on the day fixed for the trial, and the case is continued to a definite subsequent date, and the defendant discharged until such date, and the term of court then considering the case is adjourned, the court is then in effect in vacation in so far as the particular case is concerned, and the court is without power, in the absence of the defendant's consent thereto, to take any final action affecting the rights of the defendant until the date arrives to which the case has been continued.

An order or judgment of dismissal of a criminal prosecution is a judicial act, and, in order for such a dismissal entered by a justice of the peace in vacation to be valid, some constitutional or statutory authority therefor must be found; and since none exists we have reached the conclusion that the orders of dismissal in the cases at bar are nullities, and consequently the circuit court was without power to proceed upon the indictment.

In the case of the appellant Will Mathis, complaint is made of the failure of the court below to sustain a plea of *autrefois acquit,* which plea was based upon the fact that, at the third trial of the appellant in the justice court, and after a jury had been qualified, but before the same had been accepted by both parties, the justice of the peace sustained a motion to discharge the jury and to continue the case to a later date. In view of section 22 of the Constitution of 1890, which provides that "there must be an actual acquittal or conviction on the merits to bar another prosecution," there is no merit in this assignment.

In accordance with the views herein expressed, the suggestion of error in the case of *Cora Chandler* v. *State,* (No. 24627), will be sustained, and the cause reversed and remanded; and the case of *Will Mathis* v. *State* (No. 25064), will likewise be reversed and remanded.

*Reversed and remanded.*