BASS *v.* STATE.

(Division B. Jan. 12, 1931. .

[131 So. 830. No. 29012.]

**T. B. Davis**, of Columbia, for appellant.

**Edwin R. Holmes, Jr.**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was sentenced by the circuit court to pay a fine of two hundred fifty dollars and to serve thirty days in jail under an indictment charging the unlawful possession of intoxicating liquor, and appellant has appealed on the ground that, under the facts of the case, the circuit court had no jurisdiction of the subject-matter.

On June 20, 1930, an affidavit charging the said offense was made against appellant before a justice of the peace and a warrant was immediately issued returnable before the justice of the peace of the district where the offense was alleged to have occurred. Appellant was arrested on the same day, and on that same day he gave bond to appear for trial before the last-mentioned justice of the peace on the next regular court day of said justice of the peace, which was the 2d day of July, 1930. At the time, a regular term of the circuit court was in session, and certain parties whose names are immaterial—and whether acting upon sincere motives to enforce the law, or whether to further the promptings of malice, is not shown by the record—interested themselves in the case, and on the morning of June 23, 1930, these parties, or some of them, inter-

meddling with the justice of the peace, approached the said officer and, on the assertion by them that it would be better that the grand jury handle the case, the said justice of the peace was persuaded to enter and did enter, on his docket in vacation and when he was without power in the premises, an order dismissing the case without prejudice, and this without the knowledge or consent of appellant.

Promptly on that same afternoon the grand jury returned an indictment for the identical alleged offense, and on the next morning, June 24, 1930, appellant was arrested and taken before the circuit court. The executive officer, who made the arrest, advised appellant that the best way out of the difficulty would be to plead guilty, in which event the said officer was of the opinion that there would be no jail sentence and that the fine would not probably exceed one hundred dollars. Since this amount was no more, or certainly not greatly more, than would be required to employ a capable lawyer to defend, appellant, a youth of not much general knowledge or experience, decided to accept the advice, and thereupon entered the suggested plea of guilty. But instead of receiving the sentence suggested, he was sentenced as first above stated, whereupon appellant at once decided that he needed the services of a capable lawyer rather than the advice of a blundering deputy. Such services he immediately secured, and a prompt motion was made, supported by affidavit and undisputed testimony, to set aside the plea of guilty and to dismiss or quash the indictment on the basis of the facts briefly hereinbefore set out, which motion was overruled by the court.

It will be observed from the statement of the facts that the case is similar in all essential respects to the facts in Chandler v. State and Mathis v. State, 140 Miss. 524, 106 So. 265. Those cases were considered by the court with more than the usual deliberation, and the result reached there, together with every word in the opinion therein

written, has the entire approval and concurrence of every member of this court. The opinion there is not only sound in law, but is sound in logic and essential in practice. We decline to modify, or to take out a single sentence therein contained. There the court held that the attempted dismissal by the justice of the peace in vacation was void; that the exclusive jurisdiction remained with the court which first acquired jurisdiction; and that the second court was "without power to proceed."

But the state seeks to differentiate this case on two grounds: First, that here there is a plea of guilty, and under section 16, Code 1930, no appeal is allowed to the Supreme Court from such a plea. The answer to that is that the circuit court had no jurisdiction of the case, and a plea made there in the case was of no more effect than if made before the board of supervisors or some other assembly having no jurisdiction of that case. Second, that the plea of guilty was an implied consent to the action of the justice of the peace in dismissing the case then pending on his docket. It is undisputed in this record that appellant had no knowledge that the justice of the peace had dismissed, or rather had attempted to dismiss, the case; and we suppose nothing more than a truism is stated in the proposition that no man can be held to have consented to an act of which he had no knowledge, and of which he was under no special duty to inquire.

If the contention of the state in this case could be upheld, then, because the jurisdiction of justice courts and of circuit courts in misdemeanor cases is concurrent, this could happen: An indictment for a misdemeanor, however grave, has been returned by the grand jury and the case has been continued until the next term of the circuit court for trial. The circuit judge, on the motion of the prosecuting attorney, has during vacation entered an order of nolle pros., and thereupon, and immediately thereafter, an affidavit for the same offense has been

made before a justice of the peace, a plea of guilty entered, and sentence of one dollar fine and costs has been pronounced and entered. This under the argument of the state here would be a valid and final adjudication, precluding any further prosecution for the same offense under state statutes. Who would make so bold as to contend for such a result?

The judgment is reversed, the indictment is quashed, and the appellant is discharged in so far as the said indictment is concerned.

So ordered.