HEGWOOD v. STATE.

In Banc. April 11, 1949.

(39 So. (2d) 865)

J. L. Thompson, for appellant.

164

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Smith, J.**

Pursuant to an indictment charging him with the unlawful possession of intoxicating liquor in the Second Judicial District of Jasper County, appellant was convicted. The indictment was returned by the grand jury on August 24, 1948.

Prior to the foregoing proceedings in the circuit court, appellant had been arrested on a warrant from the court of a justice of the peace, who had jurisdiction, for the same identical offense. Appellant, with his attorney, appeared in said latter court on June 26, 1948, ready for trial. The prosecution was represented by the county prosecuting attorney, who was also present. According to evidence in the record, at a time when both attorneys were present in open court, the county prosecuting attorney orally moved the justice court to dismiss the cause without prejudice to the State, and this motion was sustained. The judgment of the court was duly entered on the docket. According to the testimony of the appellant,

he understood that the case was dismissed, after he announced ready for trial.

About two months later, as pointed out, supra, the circuit court convened, and indicted appellant for the identical crime involved in the foregoing proceedings in the court of the justice of the peace.

Thereupon, appellant filed a motion in the circuit court to quash the indictment. The grounds on which appellant relied were that the justice of the peace had complete and final jurisdiction; and that his action in dismissing the cause concluded the matter; and that he and his counsel were surprised later to learn that the dismissal was without prejudice to the State;—contrary to an alleged agreement between him and the county prosecuting attorney. Appellant further contended that he was entitled to a trial in the justice of the peace court, where he might have been acquitted, and denial thereof deprived him of his constitutional right to a trial, then and there.

The court heard appellant's witnesses on the motion, consisting of appellant himself and the justice of the peace. Neither witness testified that there was any such agreement as referred to in the motion. In overruling it, the circuit judge, among other things, said: "The motion (in the court of the justice of the peace) being sustained and order entered the case was dismissed, it being a regular court day and the regular place of holding court, and that both the state and defendant appearing, the state by counsel, and the defendant appearing in person on the day and in court, and by counsel, . . . there was no error in that proceeding . . ." Continuing, the circuit judge further said: "When it was dismissed, it was out of that court and was subject to investigation on the part of the grand jury."

Appellant's counsel, with commendable zeal, has cited a large number of cases, which he considers support his position that the circuit court was without jurisdiction to indict or convict and sentence appellant. The trouble is, these cases do not sustain his point. Bramlette v.

State, 193 Miss. 24, 8 So. (2d) 234, was to the effect that on appeal from a justice court on a conviction upon an unsigned and unsworn affidavit, the circuit court could not authorize signing and swearing there, and thus retroactively acquire jurisdiction. Manifestly, that case has no application here. Young v. State, 140 Miss. 165, 105 So. 461, held that a justice of the peace has no authority to waive a trial for a misdemeanor, and bind the defendant over to await the action of the grand jury, unless the charge preferred may be punishable as a felony under certain conditions. And, also, that where a defendant is bound over to await the action of the grand jury, instead of being tried, a circuit court cannot proceed on the affidavit filed before the justice of the peace. In our opinion, there, we said: ''There was no indictment by the grand jury, and the circuit court did not obtain jurisdiction of the offense by indictment.''

In Smith v. State, 86 Miss. 315, 38 So. 319, cited also by appellant, we said that if an accused is charged before a justice of the peace with the commission of a misdemeanor, it is the duty of the justice of the peace to try and dispose of the case; and, if he fails to do so, and require the accused to give a bail bond to await the action of the grand jury on the misdemeanor charged, the bail bond will be void. This case is not pertinent to the issue before us.

The case at bar was dismissed without prejudice to the State. Appellant was not bound over to the grand jury. It will readily appear that the above typical cases cited by appellant are not in point.

On the contrary, Chandler v. State, 140 Miss. 524, 106 So. 265, dealing with the concurrent jurisdiction of misdemeanors in the circuit and justice of peace courts, announced the rule to be that one of two courts of concurrent jurisdiction may, by valid order of dismissal, relinquish its exclusive jurisdiction acquired by criminal prosecution being first instituted therein, so that the

other court may proceed then with prosecution of the same offense.

In the case of Smith v. State, 198 Miss. 788, 24 So. (2d) 85, we decided that the rule, that where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction should proceed with trial and disposition, was intended to prevent conflicts in jurisdiction, and to prevent a person from being twice tried for the same offense, and that no defendant had a vested right to be tried in any particular court of concurrent jurisdiction. That case was one where, after the justice court had received an affidavit, but before a warrant thereon had been issued and the defendant arrested, he was indicted by the grand jury for the same offense charged in the affidavit. We held the circuit court had jurisdiction.

 We are of the opinion that the circuit court correctly retained jurisdiction in the case at bar, and that the indictment was valid.

Several other assignments of error have been orally argued and briefed, but we do not deem any of them of sufficient merit for discussion by us, except that we will refer briefly to appellant's contention that evidence of other separate crimes was introduced against him, over his objection. Appellant was testifying in his own behalf, and on cross-examination was asked as to previous convictions, which he admitted. This testimony was not offered in support of appellant's guilt of the crime for which he was being tried, but as affecting his credibility, as a witness. This procedure was permissible, and we find no error therein.

The jury heard the case on conflicting testimony, and by their verdict accepted the evidence of the State as true. Since we are unable to say that the verdict is manifestly wrong, or against the overwhelming weight of the evidence, we affirm the verdict and the judgment of the lower court based thereon.

Affirmed.