WALKER, Justice,
for the court:
The appellant was convicted of assault and battery pursuant to an affidavit filed in the County Court of Jackson County, Mississippi, sentenced to six months in the county jail, and fined $500. That conviction was affirmed by the Circuit Court of Jackson County.
*908 On appeal to this Court, the appellant argues that the cause should be reversed on the ground that the County Court did not have jurisdiction to try appellant, because the justice of the peace court in Beat 5 of Jackson County had first acquired jurisdiction of the alleged crime, and the cause was still pending in that court.
The question of jurisdiction was first raised in the county court. It was stipulated by and between the parties that a criminal affidavit was signed by J. J. Reynolds against the appellant, William E. Rhodes, in the justice of the peace court, District 5, Jackson County, Mississippi, and that Rhodes was tried therein resulting in the jury being unable to agree on a verdict and a mistrial being declared; that subsequent to the mistrial, J. J. Reynolds filed another affidavit against the appellant charging the same alleged crime in the County Court of Jackson County, Mississippi, on November 6, 1974, at a time when the case was still pending before the justice of the peace court, District 5, Jackson County, Mississippi.
The crime of assault and battery is one over which the justice of the peace court has concurrent jurisdiction with the county court and circuit court. Miss. Code Ann. §§ 9-7-81, 9-9-21, 99-33-1 (1972); Smith v. State, 198 Miss. 788, 24 So.2d 85 (1945); Hampton v. State, 138 Miss. 196, 103 So. 10 (1924); Rodgers v. State, 101 Miss. 847, 58 So. 536 (1912); Neely v. State, 100 Miss. 211, 56 So. 377 (1911); Smithey v. State, 93 Miss. 257, 46 So. 410 (1908).
It is well settled by decisions of this Court that, in the absence of fraud or collusion, when concurrent jurisdiction exists in two courts, the court first acquiring jurisdiction acquires exclusive jurisdiction. Smith v. State, supra; Hampton v. State, supra; Rodgers v. State, supra; Neely v. State, supra; Smithey v. State, supra.
Jurisdiction vests in a particular court when an accused is arrested pursuant to a warrant issued by that court. Smith v. State, supra.
However, when one court which has concurrent jurisdiction with another court has acquired jurisdiction but voluntarily relinquishes it by a nolle pros or dismissal of the cause, the other court may proceed. Hegwood v. State, 206 Miss. 160, 39 So.2d 865 (1949); Hampton v. State, supra; Rodgers v. State, supra. In Bass v. State, 159 Miss. 132, 131 So. 830 (1931), and Chandler v. State, 140 Miss. 524, 106 So. 265 (1925), the Court held that the justice of the peace’s attempted dismissal of the case in vacation was void and that exclusive jurisdiction remained in the justice of the peace court and that the second court was “without power to proceed.” (Chandler, supra, at 536, 106 So. at 267.)
We have reached the inescapable conclusion that, under prior authorities of this Court, the County Court of Jackson County did not have jurisdiction to proceed with the prosecution of appellant since the justice of the peace court in District 5 of Jackson County first acquired full and exclusive jurisdiction of the case and had not relinquished that jurisdiction when the county court proceeded to try appellant.
The judgment of conviction and sentence in the lower court is reversed, the cause dismissed and the appellant is discharged.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.